Chief Judge Fuld.
The principal question posed by these appeals is whether a defendant, resentenced in accordance with the rule laid down in People v. Montgomery (24 N Y 2d 130), may, upon such resentencing, challenge the constitutionality of a prior felony conviction relied upon as a predicate for multiple felony offender treatment.
In each of these cases, the defendant, after having been adjudged guilty of a felony, was later convicted of another felony—Wilkins following a trial in 1956, Jones on a plea of guilty in 1960 — and sentenced as a second felony offender. Keither defendant took an appeal from this conviction. Some years later, asserting that he had not been advised of his right to appeal from the latter judgment, each defendant sued out a writ of error coram nobis, maintaining that his right to appeal should be reinstated pursuant to People v. Montgomery (24-N Y 2d 130, supra). The court, after finding, in effect, that the defendant had not been informed of his right to appeal, vacated the sentence and, on resentence, imposed the same prison term.
In the course of such resentencing, the defendants challenged the constitutionality of the prior felony convictions which had served, respectively, as the predicate for their multiple offender sentences. The court overruled the challenge; concluding that a defendant could not question the validity of the predicate felony at a Montgomery resentencing, it was its view that, if the defendant desired to attack the underlying felony, he had to proceed by way of a separate petition. The People, acquiescing in that determination, took no appeal from the order which, as indicated, vacated the original sentence and directed the Montgomery resentencing. Each defendant, however, thereupon filed a notice of appeal from the conviction, insisting that the court, in resentencing him, should have considered his challenge to the constitutionality of the earlier conviction. The Appellate Division agreed with the defendants; it vacated the resentences and ordered each defendant remanded for a hearing on the issue of the constitutionality of the prior conviction (People v. Wilkins, 34 A D 2d 632; People v. Jones, 35 A D 2d 661). The People appeal from the disposition in both cases, while in Willems the defendant also appeals from that portion of the Appellate Division order which affirms his conviction, urging *218 that the court had committed errors in the conduct of the trial.
In 1964, the Legislature amended section 1943 of the former Penal Law to provide that a defendant could challenge the constitutionality of an earlier conviction, relied upon by the State to stamp him a multiple-felony offender, whenever a court, in effect, was about to label him such an offender and impose the heavier specified sentence. Thus, it was established, even before we decided Montgomery, that an alleged second or third felony offender could question the validity of the predicate conviction at the time he was resentenced. (See, e.g., People v. Jones, 17 N Y 2d 404; People v. Machado, 17 N Y 2d 440; People v. Johnson, 26 A D 2d 912; People v. Broderick, 24 A D 2d 638; People v. Cornish, 21 A D 2d 280.) The Montgomery case did not involve a defendant previously convicted, and nothing there decided or said suggests that a multiple felony offender lacks the right to attack the underlying conviction at the time he is being resentenced. We simply held in that case that a defendant must be granted a hearing to ascertain whether he was, in fact, advised of his right to appeal (see, also, People v. Callaway, 24 N Y 2d 127; People v. Adams, 12 N Y 2d 417; People v. Hairston, 10 N Y 2d 92); if it was found that he had not been so advised, then, he was entitled to be resentenced so that his time to appeal could begin to run anew.
The defendant Jones was initially sentenced as a multiple felony offender in 1960, and the defendant Wilkins in 1956. Section 1943 of the former Penal Law merely provided, at such times, that a defendant could be sentenced as a second felony offender only after an information was filed ‘ ‘ accusing the said person of such previous convictions ” (Penal Law, § 1943). The defendant was then informed by the court ‘ ‘ of the allegations contained in such information and of his right to be tried as to the truth thereof”. If the defendant admitted being the person named or was tried and found to be such person, he would be sentenced as a recidivist. There was no provision for challenging the constitutionality of the underlying conviction.
In 1964, as already noted, section 1943 was amended so as to require the court to inform a defendant at sentencing of his right to raise constitutional objections to his underlying prior conviction. The court would then determine the validity of any *219 such objection.[1] Prior to 1964, a challenge to the constitutionality of a previous New York conviction had to be made by a writ of error coram nobis in the court where the defendant had been convicted, and no procedure was available in New York to challenge out-of-state convictions. (See, e.g., People v. Jones, 17 N Y 2d 404, 407-408, supra; People v. Wilson, 13 N Y 2d 277; People v. McCullough, 300 N. Y. 107.) Although the 1964 amendment was introduced, at least in part, to avoid the constitutional dilemma presented by a multiple offender sentencing procedure which did not afford a defendant a means of challenging the constitutionality of prior out-of-state convictions, it also afforded basis for challenging prior convictions in this State as well. (See People v. Jones, 17 N Y 2d 404, 408—409, supra; People v. Cornish, 21 A D 2d 280, 282, n. 2, supra.)
The amendment is, of course, ‘ ‘ generally retroactive ’ ’ (People v. Jones, 17 N Y 2d 404, 409, supra) and, accordingly, it follows that both of the defendants before us — originally sentenced as multiple offenders prior to 1964—may assert constitutional challenges to their alleged underlying predicate convictions upon being resentenced. (See, e.g., People v. Jones, 17 N Y 2d 404, supra; People v. Johnson, 34 A D 2d 777; People v. Johnson, 26 A D 2d 912, supra; People v. Cornish, 21 A D 2d 280, 282, supra.)[2] It may well be that People v. Montgomery *220 (24 N Y 2d 130, supra) was designed to afford a defendant the right to appeal and argue those matters he would have been entitled to urge had he appealed within 30 days of the conviction. However, the defendants before us did not have the right, when sentenced, to attack the constitutionality of the earlier predicate conviction. Consequently, the defendants were privileged to proceed as they did below, following their resentencing.
It is hardly necessary to add that to refuse to hear a defendant’s challenge to the constitutionality of the predicate felony at the time he is being resentenced, and to require him instead to initiate a new proceeding in the nature of cor am nobis in order to have the question decided, would be egregiously wasteful of judicial time. Reason and a regard for sound practice recommend that a defendant be permitted, upon a Montgomery resentencing, to challenge the validity of his second felony conviction and to raise upon appeal any other question he would have been entitled to advance had he appealed from his conviction within the 30 days prescribed by law.[3]
As above stated, the defendant Wilkins, in addition to claiming that he had a right to attack the predicate felony, also sought a reversal of his conviction on the ground that errors had been committed in the course of the trial. The Appellate Division found no merit in those contentions, and Wilkins has appealed from so much of that court’s order as affirmed his conviction. That appeal must be dismissed. Since the Appellate Division vacated the sentence imposed and sent the case back to the trial *221 court for resentencing, there is no final judgment from which an appeal may be taken. (See People v. Heath, 261 N. Y. 662; see, also, Cohen and Karger, Powers of the New York Court of Appeals, p. 721.)
In People v. Wilkins, on the People’s appeal, the order appealed from should be affirmed; on the defendant’s appeal, the appeal should be dismissed.
In People v. Jones, the order appealed from should be affirmed.

. The 1964 enactment accomplished the desired objective by providing that “no previous conviction in this or any other state shall be utilized as a predicate for multiple offender treatment “ * * if such conviction was obtained in violation of the rights of the person accused under the applicable provisions of the constitution of the United States. An objection that a previous conviction was unconstitutionally obtained may be raised at this time and the court shall so inform the person accused. Such an objection shall be entered in the record and shall be determined by the court, without empanelling a jury. The failure of the person accused to challenge the previous conviction in the manner provided herein shall constitute a waiver on his part of any allegation of unconstitutionality unless good cause be shown for his failure to make timely challenge.”
This amended procedure is now provided for by section 470-a of the Code of Criminal Procedure and will be found in section 400.20 of the Criminal Procedure Law, which becomes effective on September 1, 1971.

. The particular problems presented in these two cases with respect to the challenging of the predicate felonies can no longer arise in eases in which sentencing occurred after April 10, 1964. This is because section 1943, as amended, provides that a defendant who does not challenge the constitutionality of his *220 underlying conviction at the time of sentencing, waives “ any allegation of unconstitutionality unless good cause be shown for his failure to make timely challenge.”
(Code Grim. Pro., § 470-a.)

. The question arises whether our holding in People v. Lynn and People v. Saunders—also decided today (28 N Y 2d 196) —prevents a determination in favor of Jones. He had also pleaded guilty but there is a significant difference between the cases. Here, the trial court vacated Jones’ initial sentence and resentenced him, in accordance with Montgomery, to permit him to prosecute an appeal. Since the People did not appeal to the Appellate Division, they may not appeal to this court to question, or seek to overturn, any part of the trial court’s determination adverse to them. (See, e.g., Matter of Berke v. Schechter, 5 N Y 2d 569, 572; Oppenheim v. Melmck, 27 N Y 2d 730; Old Dutch Lands v. City of New York, 25 N Y 2d 892; see, also, Cohen and Karger, Powers of the New York Court of Appeals, § 94, pp. 404r-405.) Accordingly, the only question before us is Jones’ right, upon resentencing, to challenge the constitutionality of his underlying felony conviction.