Memorandum. The order of the Appellate Division, insofar only as it affirmed the sentence, and as limited by appellant’s brief, should be reversed and the case remitted to the Supreme Court, New York County, for resentencing of the defendant. Upon his plea of guilty of the crime of burglary, defendant was sentenced to an indeterminate term of six years’ imprisonment. The sentence was imposed, however, at a time when defendant was not in the courtroom and was actually in an adjacent detention pen, he having left the room following colloquy with the court.
While we recognize clearly that CPL 380.40 (subd 1) provides that "the defendant must be personally present at the time the sentence is pronounced” in a felony case, the provision thereof may certainly be waived by a defendant as, for example, by obstreperous conduct. (Cf. Illinois v Allen, 397 US 337; People ex rel. Lupo v Fay, 13 NY2d 253, 257, cert den 376 US 958.) But where, as here, the defendant was in the detention pen immediately adjacent to the courtroom and no effort was made to apprise him of his right to be present, nor was there an attempt made to return him to the courtroom, waiver may not be implied. Also, it should be observed that at the sentencing in absentia, defendant’s attorney asked the court to consider three outstanding charges against the defendant. This the People opposed unless the defendant admitted guilt in open court. From all this it would appear that the possibility of prejudice was compounded by defendant’s absence. (CPL 380.50; cf. People v McClain, 35 NY2d 483, 491-492.) Finally, although not determinative of this appeal, we take note in passing that the District Attorney joined in the request for appropriate resentencing.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
*941 Order insofar as it affirmed the sentence reversed and the case remitted to the Supreme Court, New York County, for further proceedings in accordance with the memorandum herein.