■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN MARTINEZ, Appellant.—Appeal by the defendant, as limited by his motion, from a resentence of the Supreme Court, Kings County (Goldman, J.), rendered May 22, 1986, upon his conviction of robbery in the first degree (four counts), criminal possession of a weapon in the fourth degree (two counts), and criminal possession of stolen property in the third degree, upon a jury verdict, the resentence being two concurrent terms of 7½ to 15 years' imprisonment, to run consecutive to two other concurrent terms of 7½ to 15 years' impris-

onment, and to run concurrent to three concurrent terms of imprisonment of one year.

Ordered that the resentence is vacated, on the law, and the matter is remitted to the Supreme Court, Kings County, for resentencing in accordance herewith.

On the defendant's original appeal from the judgment of conviction, this court vacated the sentence upon finding that in imposing sentence, the sentencing Judge had utilized a presentence report prepared 18 months earlier in connection with an unrelated case. This court directed that the matter be remitted for resentencing upon receipt of an updated presentence report *(People v Martinez,* 118 AD2d 661, *lv denied* 67 NY2d 1054).

On remittitur, the matter came before another Justice, who had an updated presentence report prepared in accordance with this court's direction. In proceeding to impose sentence however, the resentencing court indicated its belief that it had no authority to impose a different sentence than that theretofore imposed since the matter was before it solely for the purpose of correcting an irregularity and stated that it was duty bound to reimpose the sentence previously imposed by the original sentencing Judge. Thus, the court failed to perform its obligation to exercise its own independent discretion in imposing sentence based upon its review of all relevant factors *(see, People v Farrar,* 52 NY2d 302, 305) and not to simply treat the imposition of sentence as a ministerial function. Accordingly, we remit the matter once more for resentencing. In so doing, we do not pass upon the propriety of the sentence imposed. Mollen, P. J., Bracken, Brown and Eiber, JJ., concur.