THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD VAN PELT, Appellant.—Appeal by the defendant, as limited by his motion, from a resentence of the Supreme Court, Richmond County (Kuffner, J.), imposed June 28, 1990, upon his conviction of robbery in the first degree and robbery in the second degree, upon a jury verdict, the resentence being concurrent indeterminate terms of 4 to 8 years imprisonment and 5 to 10 years imprisonment, to run consecutively to a term of imprisonment imposed on an unrelated indictment.

Ordered that the resentence is reversed, on the law, and the matter is remitted to the Supreme Court, Richmond County, for resentencing in accordance herewith.

In 1982 the defendant was convicted in the Supreme Court, Richmond County (Broomer, J.), of the crimes of robbery in the first degree and robbery in the second degree, and sentenced to concurrent prison terms of 5 to 10 years and 4 to 8 years respectively. The defendant's conviction was subsequently reversed and a new trial ordered *(People v Van Pelt,* 119 AD2d 707). Upon retrial (Kuffner, J.), the defendant was again convicted and sentenced to concurrent indeterminate terms of 7½ to 15 years and 6 to 12 years imprisonment. The defendant appealed, and, although the conviction was affirmed

*(People v Van Pelt,* 149 AD2d 636), the Court of Appeals ultimately remitted the matter back to the Supreme Court for resentencing only *(People v Van Pelt,* 76 NY2d 156). Upon remittitur, the defendant was resentenced to concurrent prison terms of 5 to 10 years and 4 to 8 years, the same prison terms which had been originally imposed after the defendant's initial conviction in 1982.

The defendant argues, *inter alia,* that the resentence was illegally imposed because (1) the sentencing court failed to exercise its sentencing discretion when it directed that the instant sentence run consecutive to a term of imprisonment imposed on an unrelated indictment, and (2) the sentencing court failed to order an updated presentence report prior to imposing sentence. The People maintain that consecutive sentences are appropriate herein, but they consent to the defendant's request to remit this matter for resentencing.

Upon remittitur from the Court of Appeals, the sentencing court mistakenly assumed that it was absolutely bound by the original sentence imposed upon the defendant's original conviction in 1982. Accordingly, the court treated the resentencing merely as a ministerial function and proceeded to simply reimpose the sentence which was imposed by the original Sentencing Justice. Under these circumstances, the court failed to perform its obligation to exercise its own independent discretion based upon a review of all relevant factors *(see, People v Martinez,* 136 AD2d 745; *see also, People v Farrar,* 52 NY2d 302) when it determined that the sentence imposed must run consecutively to a sentence imposed with respect to an unrelated indictment.

Accordingly, the resentence is reversed, and the matter is remitted to the Supreme Court, Richmond County, for resentencing in accordance herewith. We have considered the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Harwood, Balletta, O'Brien and Santucci, JJ., concur.