OPINION OF THE COURT
Marcy L. Kahn, J.
Defendant Darren Edwards, having been convicted after a jury trial of assault in the second degree (Penal Law § 120.05 [2]) and assault in the third degree (Penal Law § 120.00) and sentenced[1] to a seven-year determinate term of incarceration concurrent with a one-year definite term and followed by a five-year term of postrelease supervision, has moved pursuant to CPL 440.20 (1) to set aside his sentence and for resentencing. He claims that the term of postrelease supervision was not legally imposed either at his original sentencing by the trial justice on August 26, 2002 or at a resentencing proceeding held by this court on May 15, 2007 (the resentencing proceeding) at which the term of postrelease supervision was explicitly pronounced by the court. Relying on People v Sparber (10 NY3d 457 [2008] [Sparber IT\), he now claims entitlement to a further resentencing for the purpose of having this court consider whether to reduce the determinate term of incarceration *795 imposed by the original sentencing court as well as his status as a second violent felony offender. He further seeks an order of this court declaring that, because the court at the resentencing proceeding failed to reconsider his determinate term, defendant was not lawfully placed on postrelease supervision and that the violation of postrelease supervision imposed on defendant by the Division of Parole (the Division) on October 15, 2008 and upon which he is now incarcerated should be expunged. The People oppose defendant’s motion. For the reasons stated in this decision, defendant’s motion is denied.
I. Legal History of Postrelease Supervision Sentencing
In legislation effective September 1, 1998, the New York State Legislature adopted determinate sentencing for all violent felonies and made postrelease supervision mandatory for every determinate sentence. Among the statutes adopted was Penal Law § 70.45,[2] which then provided: “Each determinate sentence . . . includes, as a part thereof, an additional period of post-release supervision” (Penal Law § 70.45 [former (1)]), which “shall commence upon the person’s release from imprisonment to supervision by the division of parole” (Penal Law § 70.45 [5] [a]), and the violation of which “shall subject the defendant to a further period of imprisonment up to the balance of the remaining period of post-release supervision” (Penal Law § 70.45 [1]). The statute also provides that in cases such as this one, where the defendant is a predicate felon, “[t]he period of post-release supervision . . . shall be five years.” (Penal Law § 70.45 [2].)
After this enactment, many courts, including this one, assumed that the period of postrelease supervision was included in every determinate sentence by operation of law, and did not specifically pronounce the term of postrelease supervision when imposing sentence. The practice seems to have been especially prevalent in cases such as this one, where the term of mandatory postrelease supervision had been set by statute. Where the New York State Department of Correctional Services (DOCS) received a prisoner sentenced to a determinate term but lacking any indication in the commitment order or sentencing minutes that the court had imposed postrelease supervision in addition to the determinate term, DOCS and the Division, citing the *796 mandatory nature of the postrelease supervision term, would assess such terms for each violent felon as he or she completed serving his or her determinate term.
After a time, such defendants began to challenge these agencies’ actions by petitions for writs of habeas corpus, CPLR article 78 proceedings against the agencies and, in some instances, CPL 440.20 motions to set aside the postrelease supervision portion of the sentence where the court had not pronounced the period of postrelease supervision at the time of the defendant’s plea or sentence.
The Court of Appeals first addressed one aspect of this situation in 2005 in People v Catu (4 NY3d 242 [2005]), holding that where the court did not inform the defendant of the postrelease supervision sentence at the time of the entry of the guilty plea, the defendant was entitled on appeal to the vacation of his plea. (Id. at 244.) Other defendants, however, either were convicted after trial, or did not wish to lose the benefit of a favorable plea bargain, but still sought to challenge the action of DOCS in administratively adding a term of postrelease supervision which had not been pronounced by the sentencing court.
In April 2008, the Court of Appeals in Sparber II (supra) held that where the sentencing court has failed to pronounce a mandatory term of postrelease supervision as part of a sentence, the procedure by which the sentence is imposed is statutorily flawed. The Court further held that the trial court was empowered to correct the error upon remittal of the matter for resentencing. (10 NY3d at 473.) In a companion case, Matter of Garner v New York State Dept. of Correctional Servs. (10 NY3d 358 [2008]), the Court granted article 78 relief prohibiting DOCS from administratively adding a period of postrelease supervision where the sentencing court had failed to do so. (Id. at 362.) The Court added a footnote stating that its “holding ... is without prejudice to any ability that either the People or DOCS may have to seek the appropriate resentencing of a defendant in the proper forum” (id. at 363 n 4).
Finally, in June 2008, the Legislature enacted Penal Law § 70.85 and Correction Law § 601-d to codify the rulings of the Court of Appeals in Sparber II and Garner and to establish procedures to be followed by DOCS, the Division and the courts where the courts’ commitment orders provided to DOCS did not reflect the imposition of postrelease supervision by the sentencing court.
The relevant provision of Penal Law § 70.85 provides:
*797 “When ... a case is again before the court pursuant to section six hundred one-d of the correction law or otherwise, for consideration of whether to resentence, the court may, notwithstanding any other provision of law but only on consent of the district attorney, re-impose the originally imposed determinate sentence of imprisonment without any term of post-release supervision, which then shall be deemed a lawful sentence.”
II. Factual and Procedural History of the Case
Familiarity with the factual and procedural history of the case prior to November 1, 2006 as discussed in this court’s prior ruling in People v Edwards (15 Misc 3d 1115[A], 2007 NY Slip Op 50649[U] [Sup Ct, NY County 2007] [Edwards 7] [appeal pending]) is presumed.
In that litigation, by pro se motion dated November 1, 2006, defendant sought to set aside his sentence pursuant to CPL 440.20 on the ground that DOCS had exceeded its authority by adding to his sentence a five-year period of postrelease supervision which had never been orally pronounced by the sentencing judge. On March 21, 2007, this court denied that motion in a written decision and order but, on its own motion, pursuant to People v Richardson (100 NY2d 847 [2003]), People v Wright (56 NY2d 613 [1982]) and then-prevailing Appellate Division, First Department precedent,[3] and in light of Earley v Murray (451 F3d 71 [2d Cir 2006]), directed that defendant be produced for a resentencing proceeding to “clarify that the terms of defendant’s sentence include a mandatory period of five years’ post-release supervision” by pronouncing, in defendant’s presence and with counsel representing him, the mandatory period of postrelease supervision required by Penal Law § 70.45. (Edwards I, 2007 NY Slip Op 50649[U], *1, 16.)
On May 15, 2007, this court held the resentencing proceeding pursuant to its March 21, 2007 decision and order. During that proceeding, after according defense counsel and defendant the opportunity to be heard (transcript of proceedings, May 15, 2007 [May 15, 2007 tr] at 16-17, 20-22), this court stated that *798 “the sentence imposed by [the sentencing judge] on your conviction for assault in the second degree was a seven-year determinate term, and that term must be followed by five years of post-release supervision . . . (May 15, 2007 tr at 23-24.) The court made no amendment to defendant’s commitment order, however, in view of the Appellate Division precedent then controlling. (See n 3, supra.) On May 21, 2007, defendant filed a notice of appeal from the court’s denial of defendant’s motion.
On July 5, 2007, the Appellate Division, First Department denied defendant’s motion seeking leave to appeal this court’s March 21, 2007 denial of his CPL 440.20 motion. (People v Edwards, 2007 NY Slip Op 78942[U] [1st Dept 2007].) On August 17, 2007, the Court of Appeals dismissed defendant’s pro se application for leave to appeal from that denial. (People v Edwards, 9 NY3d 875 [2007].)
On August 28, 2007, defendant was conditionally released from the custody of DOCS to the Division to commence his period of postrelease supervision. On or about May 23, 2008, a parole warrant was issued for defendant. On or about September 25, 2008, defendant was arrested in New York County and charged with petit larceny (Penal Law § 155.25) and was returned to Bronx County on the parole warrant the following day. Defendant subsequently pleaded guilty to the misdemeanor charge. On October 15, 2008, defendant was formally held in violation of his postrelease supervision sentence and was assessed a 15-month prison sentence. On October 22, 2008, defendant was convicted in Bronx County Criminal Court, upon plea of guilty, of criminal trespass in the second degree (Penal Law § 140.15). Defendant is currently in the custody of DOCS serving his sentence for violation of postrelease supervision.
III. Parties’ Contentions
Defendant now seeks an order of this court setting aside his sentence and directing that a further resentencing proceeding be held. In essence, defendant claims that the May 15, 2007 resentencing proceeding failed to accord him the rights now guaranteed by the Court of Appeals in Sparber II and Garner, as well as by the recently enacted provisions of Correction Law § 601-d and Penal Law § 70.85. He contends that this court’s “clarification” of defendant’s sentence was not a resentence of defendant. He further maintains that Sparber II (supra) requires a resentencing court to reconsider the determinate term originally imposed when it judicially pronounces the term *799 of postrelease supervision and to exercise its independent discretion, and that this court failed to do either at the resentencing proceeding. He claims that on May 15, 2007, this court failed to accord him the “full panoply” of procedural rights to which he is now entitled under Sparber II.
Defendant further contends that he is entitled to a new hearing to reconsider his adjudication by the original sentencing court as a second violent felony offender. Defendant also observes that an amended commitment order was never issued by this court on May 15, 2007, but concedes that this situation can easily be remedied by the issuance of such an order effective nunc pro tunc.
Defendant also seeks expungement of his violation of postrelease supervision, arguing that since there has never been any mention of postrelease supervision on either the court worksheet or the commitment order, a term of postrelease supervision was never intended to be imposed by the original sentencing judge and was not legally imposed by this court at the resentencing proceeding. Defendant reasons from this proposition that he was illegally placed on postrelease supervision and that his October 15, 2008 postrelease supervision violation is a nullity and should be expunged.
The People respond that, regardless of the characterization employed by the court to describe the May 15, 2007 proceeding, the intent of the court was clear, namely, to resentence defendant to a seven-year determinate term followed by a five-year period of postrelease supervision. Further, the People assert that, at the May 15, 2007 proceeding, this court provided defendant and his counsel with a full and fair opportunity to address the court and that both of them did so. In addition, the People aver that this court pronounced the terms of defendant’s sentence, including postrelease supervision, in the presence of defendant and his attorney, and thus complied with Sparber II and CPL 380.20 and 380.40. The People further contend that at the May 15, 2007 proceeding, given the uncertain state of the law on the issue of pronouncement of postrelease supervision at the time,[4] this court did everything possible to ensure that the term of postrelease supervision was properly imposed and that the proceeding otherwise met procedural requirements.
Further, the People argue that defendant could have raised the issues of the length of his determinate term and his *800 adjudication as a second violent felony offender at the May 15, 2007 proceeding but did not do so and is not entitled to do so now, noting that at the May 15, 2007 proceeding, this court observed that nothing had been brought to its attention to warrant disturbing the adjudication of the original sentencing court. (May 15, 2007 tr at 14.) The People aver that since defendant was convicted after a jury trial, and not by plea of guilty, defendant has no plea to withdraw, leaving resentencing as his only remedy for the failure of the original sentencing court to impose a term of postrelease supervision, which was the remedy afforded him by this court at the resentencing proceeding on May 15, 2007.
The People further maintain that, at the May 15, 2007 proceeding, defendant was clearly placed on notice that his sentence included a term of postrelease supervision. Under these circumstances, the People aver, defendant cannot now claim that his postrelease supervision violation should be expunged because of his lack of awareness of the postrelease supervision component of his sentence.
IV Discussion
A. CPL 440,20 Standards
CPL 440.20 (1) provides that at any time after the entry of judgment, the court in which it was entered may, upon motion of the defendant, set aside the sentence upon the ground that it was “unauthorized, illegally imposed or otherwise invalid as a matter of law.” The party challenging the validity of the sentence bears the burden of coming forward with supporting allegations sufficient to create an issue of fact. (People v Session, 34 NY2d 254, 255-256 [1974]; People v Adams, 164 AD2d 546 [2d Dept 1991], lv denied 77 NY2d 957 [1991].)
B. Defendant’s Claim of Entitlement to a New Resentencing Proceeding
Under New York law, when a person is sentenced as a violent felony offender or as a second violent felony offender, the court “must impose a determinate sentence of imprisonment. . . and such sentence shall include, as a part thereof, a period of post-release supervision in accordance with section 70.45” (Penal Law § 70.00 [6]). Section 70.45 as enacted provided: “Each determinate sentence . . . includes, as a part thereof, an additional period of post-release supervision.” (Penal Law § 70.45 [former (1)].)
The CPL further provides that “[t]he court must pronounce sentence in every case where a conviction is entered” (CPL *801 380.20), and that a sentence must be pronounced while the defendant is “personally present.” (CPL 380.40 [1].) In Sparber II {supra), the Court of Appeals concluded that “the procedure by which [the sentences before it] were imposed was flawed because the [postrelease supervision] component was not ‘pronounced’ as required by CPL 380.20 and 380.40.” (Sparber II, 10 NY3d at 469-470.) The Sparber II Court opined that the failure to pronounce a term of postrelease supervision constituted an error which the sentencing courts retained jurisdiction to correct. (Id. at 471-472; see also People v Richardson, 100 NY2d at 851 [court has inherent power to correct its own sentencing error].) The Sparber II Court reasoned that the failure to pronounce a period of postrelease supervision as a part of the required sentence “amounts only to a procedural error, akin to a misstatement or clerical error, which the sentencing court could easily remedy.” (10 NY3d at 472, citing People v DeValle, 94 NY2d 870, 871 [2000]; People v Wright, 56 NY2d 613, 614 [1982]; People v Minaya, 54 NY2d 360, 364-365 [1981].) The Sparber II Court further held that correction of the error is appropriate where a period of postrelease supervision is a part of the sentence under Penal Law § 70.45 (1), and where it appears that, at the time of sentencing, the sentencing court intended to impose a sentence consisting of a determinate term and a period of postrelease supervision in compliance with Penal Law § 70.00 (6) and § 70.45 (1), which presumption was, in the cases before it, unrebutted by any record evidence.[5] {Sparber II, 10 NY3d at 472.) As to the procedure to correct such an error, the Sparber II Court ruled that such a matter should be remitted “to Supreme Court for a resentencing hearing that will include the proper pronouncement of the relevant [postrelease supervision] term.” {Id. at 473.)
*802 Here, it is undisputed that defendant’s original sentence as pronounced on August 26, 2002 was illegal, in that the original sentencing court failed to pronounce in defendant’s presence, as required by CPL 380.20 and 380.40 (1), the entire sentence, including a period of postrelease supervision “as a part” of the sentence. (Penal Law § 70.45 [former (1)]; see also Penal Law § 70.45 [1] [requiring, under the 2008 amendment, that courts in imposing determinate sentences state the additional period of postrelease supervision].) As defendant was not convicted upon a plea of guilty, the remedy of withdrawal of a guilty plea was not available to him. (See People v Catu, 4 NY3d at 244.) Therefore, defendant’s sole recourse is a resentencing proceeding, where the court can make the required pronouncement of the postrelease supervision term as a component of the sentence.
This is precisely what occurred at the May 15, 2007 proceeding, at which, in the presence of defendant, as well as his counsel, this court stated that defendant’s seven-year determinate term “must be followed by five years of post-release supervision.” (May 15, 2007 tr at 23-24.) Thus, the May 15, 2007 resentencing proceeding satisfied the statutory requirements of Penal Law § 70.45 (1) as well as CPL 380.20 and 380.40 (l).[6] And, although the May 15, 2007 resentencing proceeding antedated the issuance of the Sparber II decision by nearly one year, the proceeding was, nevertheless, fully compliant with its mandates.
Defendant also contends that the May 15, 2007 proceeding was flawed because this court failed to vacate the sentence originally imposed on August 26, 2002 and then resentence him, citing both Sparber II and two other decisions on which it relied, People v Stroman (36 NY2d 939 [1975]) and People v Sturgis (69 NY2d 816 [1987]). (Sparber II, 10 NY3d at 471.) In Stroman, the defendant had not been present in the courtroom when the sentence was pronounced, as required by CPL 380.40 (1), and was deprived of his statutory right to make a statement pursuant to CPL 380.50. (People v Stroman, 36 NY2d at 940.) These procedural errors required remitting the case to the sentencing court for full resentencing. (Id.) In Sturgis, the defendant had *803 been convicted of three counts but the court only pronounced sentence on one of those counts, without specifying to which count the sentence applied, thereby violating CPL 380.20, which requires pronouncement of a sentence as to each count, and leaving the validity of the entire sentence in doubt. (People v Sturgis, 69 NY2d at 817-818.) In light of the illegality of the sentencing with respect to all three counts, the case was remitted to the sentencing court for resentencing.
Here, by contrast, the only illegality in the sentence in question was the failure of the original sentencing court to pronounce the mandatorily required postrelease supervision component of the sentence. This illegality was, however, corrected by this court on May 15, 2007 in a manner consistent with the requirements of Sparber II (supra). The resentencing proceeding thus evinced none of the defects described in Stroman or Sturgis. Therefore, defendant is not entitled to a new resentencing hearing on this ground.
Defendant further contends that the May 15, 2007 proceeding was not a full resentencing hearing in that this court, during the proceedings, characterized the proceeding as a “sentencing clarification proceeding” rather than a resentencing hearing. At the May 15, 2007 proceeding, this court restated defendant’s sentence, including both the determinate term and the period of postrelease supervision. (See May 15, 2007 tr at 23-24.) In doing so, the proceeding satisfied the Sparber II requirements, namely, that where an error in sentencing occurs, “that error can be remedied through resentencing. Nothing more is required.” (Sparber II, 10 NY3d at 469.)
Defendant also maintains that another resentencing proceeding is required because the scope of a Sparber II resentencing necessarily includes reconsideration of the length of the incarceratory term of a determinate sentence as well as the need to pronounce a term of postrelease supervision. There is nothing in Sparber II, however, to suggest that a Sparber II resentencing hearing must involve any procedures beyond the court’s pronouncement of a term of postrelease supervision as a part of a determinate sentence in the presence of the defendant pursuant to CPL 380.20 and 380.40. (See Sparber II, 10 NY3d at 466 [“we now modify and remit to Supreme Court for a resentencing hearing at which the (postrelease supervision) term will be orally pronounced”], 473 [“remitting to Supreme Court for a resentencing hearing that will include the proper pronouncement of the relevant (postrelease supervision) term”].)
*804 Indeed, the Sparber II decision limits the scope of resentencing to the correction of the failure to pronounce a term of postrelease supervision, by characterizing it as a “procedural error, akin to a misstatement or clerical error, which the sentencing court could easily remedy.” (Id. at 472, citing People v DeValle, 94 NY2d 870, 871 [2000]; People v Wright, 56 NY2d 613, 614 [1982]; People v Minaya, 54 NY2d 360, 364-365 [1981].) Were defendant correct in his interpretation of the requisite breadth of a Sparber II resentencing, the Court of Appeals surely would not have so described its parameters. Moreover, the Court’s citation of DeValle, Wright and Minaya makes clear that it is not creating a new judicial exception to the statutory proscription against modifying a legally imposed incarceratory sentence which has already commenced (CPL 430.10).[7] Rather, the court is identifying the judicial failure to pronounce the postrelease supervision term in the defendant’s presence as “akin to a misstatement or clerical error,” and under the existing jurisprudence permitting correction of errors and technical illegalities, announcing a procedure for correction of such statutory violations. (Sparber II, 10 NY3d at 472.) To the extent defendant would seek to expand this narrow process to encompass other matters, such as revisiting the defendant’s legally imposed determinate term, or setting aside a legally determined predicate offender finding, defendant departs not only from the language but also from the reasoning and jurisprudence underlying Sparber II.
There is, of course, no illegality in the determinate term of defendant’s sentence, in that it was not “unauthorized, illegally imposed or otherwise invalid as a matter of law.” (CPL 440.20 [1].) Moreover, defendant’s determinate term was pronounced by the original sentencing court in defendant’s presence pursuant to CPL 380.20 and 380.40 (1). As the determinate term of defendant’s sentence was legally imposed, therefore, defendant is not entitled pursuant to CPL 440.20 to a new hearing on that component of his sentence. Any argument that the determinate sentence was legally flawed due to the failure of the original court to pronounce the postrelease supervision component defies logic, especially where, as here, the sentencing court was *805 mandated to impose a five-year term of postrelease supervision and the sentencing judge indicated a clear intention to avoid granting any leniency to the defendant. (Transcript of sentencing proceeding, Aug. 26, 2002 [Aug. 26, 2002 tr] at 30; see n 9, infra.)
The subsequent legal developments do not afford defendant any rights beyond those given him at his resentencing proceeding. The Court of Appeals in Sparber II established that procedural error in his sentence is to be corrected by a resentencing proceeding at which the court pronounces the postrelease supervision term, with the defendant personally present as required by CPL 380.20 and 380.40 (1). (Sparber II, 10 NY3d at 469.) And there is no suggestion in the recently enacted Correction Law § 601-d that the resentencing proceeding need involve anything beyond correction of the portion of the sentence which was illegally imposed by the judicial pronouncement of the term of postrelease supervision as a part of the sentence. (See generally Correction Law § 601-d.)
The sole exception to this remedial directive is codified in newly enacted Penal Law § 70.85, which permits the court to “re-impose the originally imposed determinate sentence of imprisonment without any term of post-release supervision.” The statute provides, however, that the court may do so only upon the consent of the People. (Id.) Here, the People oppose resentencing defendant to a determinate term without an accompanying term of postrelease supervision. In the absence of the People’s consent, this court has no authority to resentence defendant without imposing a term of postrelease supervision.
Defendant further contends that a resentencing hearing must be ordered to afford defendant the opportunity to attempt to persuade the People to consent to resentencing without postrelease supervision. Defendant has no such right under Correction Law § 601-d, however. In any case, defendant need not wait until a resentencing hearing is ordered to contact the prosecution and attempt to secure its consent. For these reasons, defendant is not entitled to a further resentencing hearing on this basis.
Defendant argues that the decision in Sparber on remand from the Court of Appeals (People v Sparber, 20 Misc 3d 1135[A], 2008 NY Slip Op 51737DJ] [Sup Ct, NY County 2008] LSparber III]) supports his contention that a Sparber II resentencing reopens for the court’s consideration the issue of the length of defendant’s determinate term. Defendant makes much of the *806 court’s ruling that “the case is adjourned for a resentencing hearing so that an appropriate sentence with a lawfully imposed [postrelease supervision] term can be pronounced.” (2008 NY Slip Op 51737[U], *1 [emphasis added].) In fact, the decision recognizes that the import of the Court of Appeals decision in Sparber II is that a resentencing hearing should be held for the limited purpose of pronouncing a full determinate sentence, including a term of postrelease supervision. At no point does the decision in Sparber III mention that the resentencing hearing must include consideration of the length of the defendant’s determinate term. (See 2008 NY Slip Op 51737[U], *5-6 [“the Court of Appeals directed this Court to . . . conduct a resentencing hearing at which the required (postrelease supervision) term would be imposed”; “a resentencing hearing at which a lawful (postrelease supervision) term is pronounced”].) While defendant argues that the court in that case did, in fact, reconsider the determinate term, he cites no authority in support of his contention that a Sparber II resentencing must include reconsideration of a defendant’s determinate term.
The resentencing proceeding devised by the Court of Appeals in Sparber II has a limited purpose, namely, pronouncement of the term of postrelease supervision with the defendant personally present. Thus, Sparber II resentencing is unique in purpose and limited in scope. In permitting resentencing to correct the failure to pronounce a term of postrelease supervision, Sparber II resentencing constitutes an exception to CPL 430.10, which prohibits changing a sentence of imprisonment “once the term or period of the sentence has commenced.” (But see People v Richardson, 100 NY2d 847, 850 [2003] [sentence may be corrected where it is clear that mistake has been made].) Sparber II resentencing is also an exception to the limitations period of one year within which the People may seek to set aside a sentence. (CPL 440.40 [1].) And, as noted above, neither Correction Law § 601-d nor Penal Law § 70.85 makes any mention of any other purpose for Sparber II resentencing beyond correcting the statutory procedural error by pronouncement of a term of postrelease supervision, in those cases where the People withhold consent to the reimposition of the determinate term without a period of postrelease supervision pursuant to Penal Law § 70.85.
As defendant concedes, he is unable to cite any authority expressly supporting his position that this court failed to accord him any rights to which he was entitled in the May 15, 2007 *807 resentencing proceeding. The cases on which he relies fall short of establishing any legal defect in that proceeding, with the lone exception of the court’s failure to issue an amended commitment order.
Relying upon People v Desulma (26 AD3d 443 [2d Dept 2006]), People v Van Pelt (186 AD2d 604 [2d Dept 1992]) and People v Martinez (136 AD2d 745 [2d Dept 1988]), defendant claims that at his resentencing, this court failed to perform its obligation to exercise independent discretion in imposing sentence based upon its review of all relevant factors, and instead improperly treated the imposition of sentence as a ministerial function. These cases, however, each of which antedates the Court of Appeals decision in Sparber II, are inapposite.
In Van Pelt, the defendant was tried a second time after his initial conviction was reversed by the Appellate Division. (People v Van Pelt, 186 AD2d at 604.) The defendant’s second jury trial, before a different judge, resulted in a conviction and the imposition of a higher sentence than originally imposed. (Id.) Finding that the increased sentence violated the Due Process Clause of the New York State Constitution and amounted to vindictive sentencing, the Court of Appeals remitted the case for resentencing. (People v Van Pelt, 76 NY2d 156, 158 [1990].) Upon remittitur, the sentencing court mistakenly assumed that it was bound by the sentencing order of the original judge in the case. Finding that the sentencing court had erroneously assumed that its resentencing was merely a ministerial function and that it had no discretion to depart from the original sentence in the case, the Appellate Division reversed, finding that “[u]nder these circumstances,” the court failed to exercise its own independent discretion in determining the terms of the defendant’s sentence. {People v Van Pelt, 186 AD2d at 605.)
Similarly, in Martinez, a remittal for resentencing with a recent presentence report required the court “to exercise its own independent discretion in imposing sentence based upon its review of all relevant factors and not to simply treat the imposition of sentence as a ministerial function.” (People v Martinez, 136 AD2d at 746 [citation omitted]; see People v Desulma, supra [same].)
The instant case could not be more dissimilar from these cases, as the Court of Appeals in Sparber II, rather than remitting for the court to exercise its discretion based on a review of all relevant factors, expressly remitted pursuant to Richardson and Minaya to correct a defect in the proceeding which was, in *808 fact, ministerial, or “clerical,” that being the failure of the court to pronounce the required, and intended, postrelease supervision sentence. (Sparber II, 10 NY3d at 472.) Here, as this court recognized in Edwards I and as the Court of Appeals subsequently affirmed in Sparber II, this court was statutorily mandated to impose a five-year term of postrelease supervision as part of the determinate sentence, and had no discretion to exercise at all. The errors in these cases, unlike those in Van Pelt, Martinez and Desulma, were akin to “misstatement[s] or clerical error[s], which the sentencing court could easily remedy,” consistent with the Richardson/Minaya line of cases permitting judges to correct their own ministerial errors. (Sparber II at 472.)
Likewise, defendant’s claim that due process has been denied him by the court’s failure to conduct a “full” resentencing hearing, at which the determinate term imposed shortly after trial by the judge who heard the evidence would be subject to revision, is erroneous. As defendant concedes, the Court in Sparber II granted relief based on statutory grounds only, and expressly abjured any constitutional basis for its decision. (Sparber II, 10 NY3d at 471 n 5.) And as the transcript of the May 15, 2007 resentencing proceeding makes clear, defendant was given notice of the proceeding, was personally present for the hearing, was represented by counsel, and both he and his counsel were afforded the opportunity to address the court and availed themselves of it. (May 15, 2007 tr at 16-17, 20-22.) Clearly, defendant was accorded all the process which was due him.[8] And the fact that the court, then facing controlling decisional law holding that postrelease supervision had already been imposed by operation of law (see e.g. Sparber I, supra), characterized the proceeding as a “clarification” of defendant’s sentence rather than a “resentencing,” constituted at most, an error in nomenclature, as opposed to one in substance entitling defendant to a further resentencing proceeding under Sparber II.
*809 Defendant further contends that he is entitled, at a Sparber II resentencing hearing, to a fresh determination of his predicate felony offender status. Defendant’s reliance on People v Harris (61 NY2d 9 [1983]) and People v Wilkins (28 NY2d 213 [1971]) in support of this contention is misplaced. In Harris, the Court of Appeals held that a prior felony conviction upon a plea of guilty may serve as a predicate felony for sentencing purposes even if the court has not recited to the defendant each of the constitutional rights being waived by the plea, provided that the defendant understands the plea and its consequences. (People v Harris, 61 NY2d at 18-19.) Harris makes no mention that an inquiry into a defendant’s predicate status is required at a Minaya resentencing proceeding, however.
In Wilkins, the Court held that a defendant had the right to question the validity of a predicate felony conviction at a hearing held pursuant to People v Montgomery (24 NY2d 130 [1969]), for the purpose of determining whether a defendant had been advised of the right to appeal at the defendant’s plea allocution. (People v Wilkins, 28 NY2d at 218.) Resentencing would take place only upon a determination that the defendant had not been so advised. {Id.)
Wilkins sheds no light on the instant situation. It dealt with the right to resentencing under Montgomery of defendants in order to insure that their convictions by guilty plea were intelligently entered. In the unique circumstance at hand, the Wilkins Court recognized the right of the defendants to challenge their predicate felony convictions on constitutional grounds during Montgomery resentencing hearings rather than be forced to pursue relief in separate coram nobis proceedings in the Appellate Division. As the Wilkins Court observed, however, because of an intervening statutory change, similar challenges to predicate felonies could no longer be raised: the amendment to former Code of Criminal Procedure § 470-a established that the failure to challenge the constitutionality of the underlying conviction at the time of sentencing would henceforth constitute a waiver of the issue, absent a showing of good cause. (People v Wilkins, 28 NY2d at 220 n 2.) This requirement was continued in the Criminal Procedure Law {see CPL 400.15 [7] [b]), and precludes defendant from raising any such objection now. Wilkins, therefore, is not only inapposite, but also sui generis.
The instant case is further distinguishable from Wilkins by the fact that defendant Edwards was convicted after a jury trial *810 and was well aware of his right to appeal his conviction, which he exercised shortly after judgment was entered. At no time since his original sentencing proceeding, moreover, has defendant Edwards raised any challenge to the predicate hearing held by the original sentencing judge.
As there is no allegation that defendant’s second violent felony offender hearing conducted at the time of his original sentencing proceeding was in any way illegal, there is no authority for revisiting that proceeding under CPL 440.20. Nor is there any pronouncement in Sparber II or Correction Law § 601-d that necessarily requires a court on a Sparber II resentencing to hold a new predicate hearing for the defendant in conjunction with the resentencing.
Defendant further asserts that this court erred in not obtaining an updated sentencing report during its resentencing proceeding, citing People v Kuey (83 NY2d 278 [1994].) In Kuey, however, the Court of Appeals left the decision whether to obtain an updated report to the sound discretion of the resentencing court, and held that it was unnecessary to order an updated report where the resentencing had been ordered due to a technicality and the reviewing court was in agreement with the sentencing court’s evaluation of sentencing criteria; the defendant had been continually incarcerated between the time of the initial sentencing and the resentencing; and the defendant was afforded the opportunity to provide information about his subsequent conduct at the time of the resentence. (Id. at 282-283.)
Here, the purpose of the resentencing proceeding was similarly to correct a technicality or procedural error, namely, the failure of the sentencing court to pronounce a term of postrelease supervision as a part of the sentence. This court had no dispute with either the sentencing court’s evaluation of the sentencing criteria or the appropriateness of the determinate sentence imposed on defendant.[9] Defendant had been incarcerated continuously since his original sentence at the time of *811 resentencing, and defendant was afforded an opportunity to address the court. Therefore, no updated report was required for defendant’s resentencing.
Defendant argues that this court is bound by the recent decision of the Appellate Division, Second Department in People v Hernandez (55 AD3d 849 [2008]), to vacate defendant’s sentence and now order, as decreed by the Court in that case, “resentencing, including the imposition of the appropriate period of postrelease supervision.” (Id. at 850.) Defendant similarly makes much of the statement in Sparber II that “[a] sentence [that] violates the mandate of CPL 380.20 . . . must be vacated and the case remitted to the trial court for resentencing.” (Sparber II, 10 NY3d at 471 [citations omitted].) These statements, however, must be viewed in the context of appellate courts ordering resentencing proceedings to be held by lower courts and necessarily vacating the sentence and remitting the cases for that purpose. Defendant’s contention that the use of the language of “resentencing” and “vacation” implicitly invokes rights beyond the correction of the illegality at issue imbues these straightforward directives with limitless and unintended meanings, which does not jibe with the rationale articulated by the Court of Appeals for its ruling in Sparber II.
Accordingly, for all of these reasons, defendant’s motion for a new Sparber II resentencing hearing and attendant relief is denied.
C. Defendant’s Claim that His Postrelease Supervision Violation Must be Expunged
Defendant also claims that, since a period of postrelease supervision was never legally imposed as a part of his sentence, his violation of postrelease supervision must be expunged. He contends that if a term of postrelease supervision was not validly imposed as a part of his sentence, he cannot be held on a violation of a nonexistent term of postrelease supervision. Defendant’s argument rests on the premise that a term of postrelease supervision was not legally imposed as a part of his sentence. Defendant’s reliance on this premise is misplaced.
*812 Citing People v Faulkner (55 AD3d 924 [2d Dept 2008]), defendant contends that if there is no mention of postrelease supervision in a sentencing commitment order or in the court worksheet, then postrelease supervision has not been validly-imposed. (Id. at 926.) Defendant further maintains that the Sparber II remedy of remittal of a case for resentencing to a term of postrelease supervision does not apply to cases in which the sentencing court did not manifest its intent to impose postrelease supervision by making a notation of that term of the sentence in its commitment order. (Id.; see Sparber II at 472 [noting that in each of the cases before it, where a designation of postrelease supervision was made on the commitment order and on the worksheet or file jacket, “(i)t (was) obvious that at the time of each defendant’s sentencing, Supreme Court intended to impose a sentence in compliance with the provisions of Penal Law § 70.00 (6) and § 70.45 (1) — one that consisted of a determinate sentence and a period of (postrelease supervision)”].)
This argument is hypertechnical, and certainly not explicit in the Court of Appeals holding in Sparber II. Notwithstanding the absence of such notations in the present case, it can readily be assumed that a sentencing judge intends to follow the law requiring imposition of a term of postrelease supervision upon conviction of a second violent felony offender, especially in a judicial department where the Appellate Division had decreed that such terms are incorporated in the sentence by operation of law. Faulkner, a Second Department case, is distinguishable, as it arose in a jurisdiction which did not embrace that view of section 70.45 prior to Sparber II. (See People v Noble, 37 AD3d 622 [2d Dept 2007].)
In any case, as defendant concedes, the omission of a mention of postrelease supervision from defendant’s commitment order can be easily remedied by issuance of an amended commitment order, effective nunc pro tunc to the original sentencing date. Sparber II, itself, declared that “worksheets are not statutorily required.” (Sparber II, 10 NY3d at 465 n 1.) Thus, the omission of any mention of postrelease supervision on a commitment order or a worksheet does not invalidate the court’s imposition of a term of postrelease supervision. Defendant’s contention that his postrelease supervision must be expunged on that basis is without merit.
Thus, this court’s pronouncement on May 15, 2007 of the mandatory postrelease supervision term included in defendant’s *813 sentence properly ordered that he serve such term in accordance with the requirements of Penal Law § 70.45, Sparber II and Correction Law § 601-d. As the court had sentenced him to a term of postrelease supervision, and as all aspects of defendant’s sentence had at that point been pronounced in his presence, his release to the Division by DOCS for such supervision was in conformity with the sentencing order of this court pronounced in court on May 15, 2007 and all legal requirements. Thus, in contrast to the situation in Garner, defendant Edwards was validly placed on postrelease supervision pursuant to a judicial order, not by administrative agency fíat. The Division was therefore authorized to supervise him and commence violation proceedings upon his alleged violation of the terms of that portion of his sentence. Thus, the finding by the Division that defendant had violated the terms of his postrelease supervision was not ultra vires under Garner.
Accordingly, there is no legal basis for expungement of defendant’s postrelease supervision violation.
V. Conclusion
For the reasons stated, defendant’s motion for an order setting aside his sentence and for resentencing is denied. This court will issue an amended sentencing commitment order, which will reflect the court’s pronouncement on May 15, 2007 of a five-year term of postrelease supervision as a part of defendant’s sentence, nunc pro tunc to August 26, 2002, the date of entry of the original sentencing order. The clerk of the court is directed to forward such order immediately to the Department of Correctional Services and to the Division of Parole.

. Defendant was tried and sentenced by another justice who has since been reassigned to another court.

. (L 1998, ch 1, § 15 [eff Aug. 6, 1998].) Although Penal Law § 70.45 (1) was recently amended (see L 2008, ch 141, §§ 3, 9 [the 2008 amendment]), the 2008 amendment is inapplicable where, as here, a determinate sentence was imposed prior to June 30, 2008, in which case Penal Law § 70.45 (former [1]) governs.

. This court was then bound by the decisions in People v Hill (39 AD3d 1 [1st Dept 2007]), People v Sparber (34 AD3d 265 [1st Dept 2006] [Sparber Jj), People v Thomas (35 AD3d 192 [1st Dept 2006]) and People v Lingle (34 AD3d 287 [1st Dept 2006]). These decisions had held that a postrelease supervision term was “included in the sentence by operation of law.” (Sparber I, 34 AD3d at 266.)

. (Compare People v Noble, 37 AD3d 622 [2d Dept 2007], with Sparber I.)

. In each of the five cases consolidated for appeal and decided as Sparber II, a term of postrelease supervision was not included in the sentence as pronounced by the sentencing court but was mentioned on either the sentencing commitment order or the court worksheet, or both. (Sparber II, 10 NY3d at 465, 467, 468.) Although the Sparber II Court noted that it was “obvious” that in all five cases, the sentencing court intended to impose a period of postrelease supervision as a part of the sentence (id. at 472), the Court did not expressly state that mention of postrelease supervision on a commitment order or worksheet is a necessary precondition for application of the presumption that a sentencing court intended to impose a period of postrelease supervision when imposing sentence. Indeed, the Court made clear that notations by a clerk on a commitment order or worksheet are no substitute for the judicial responsibility to pronounce sentence (id. at 470), thus making it unlikely that the Court reposed any dispositive stock in those writings when assessing the intent of the sentencing courts to impose postrelease supervision.

. To the extent defendant complains that he was denied his right to address the court at the resentencing proceeding (CPL 380.50), a review of the transcript makes clear that the court afforded both defendant and his counsel the opportunity to speak, which they utilized, at the resentencing. (May 15, 2007 tr at 16-17, 20-22.) Accordingly, no violation of rights under this section occurred.

. CPL 430.10 provides: “Except as otherwise specifically authorized by law, when the court has imposed a sentence of imprisonment and such sentence is in accordance with law, such sentence may not be changed, suspended or interrupted once the term or period of the sentence has commenced.”

. For the same reason, defendant’s reliance on several appellate cases to establish a violation of CPL 380.50 (1) is utterly meritless (n 5, supra; see People v Green, 54 NY2d 878 [1981] [resentencing court failed to provide defendant opportunity to make a statement pursuant to CPL 380.50 (1)]; People v Bibbs, 17 AD3d 170 [1st Dept 2005] [holding that the sentencing court “should not have resentenced defendant without conducting a new sentencing proceeding at which defendant and his counsel would be present and have the opportunity to be heard”]; People v Wiggins, 17 AD3d 196 [1st Dept 2005] [same]; People v Dennis, 6 AD3d 1211, 1212 [4th Dept 2004] [same]; People v Lucks, 91 AD2d 896 [1st Dept 1983] [same]).

. Even if this court had the authority to revisit the issue of the length of the determinate term of defendant’s sentence at a postrelease supervision resentencing hearing, it would not do so in this case. Prior to imposing sentence on August 26, 2002, the original sentencing court reviewed the probation report. (Aug. 26, 2002 tr at 29.)
The court also considered the facts presented, including the fact that defendant had committed 65 crimes in 40 years (id. at 18), which even his defense counsel conceded on the record was “significant.” (Id. at 19.) The court recognized that these crimes included “a history of violent assaults.” (Id. at *811 29.) The court observed that in prior cases, defendant had received “extraordinary lenience and mercy from the courts.” (Id.) The court then sentenced defendant to a seven-year determinate term, which is the maximum legal term of imprisonment for the crime of assault in the second degree for a second violent felony offender such as defendant. (Penal Law § 70.04 [3] [c].)
Additionally, since his placement on postrelease supervision, defendant has twice been arrested and has been assessed a 15-month postrelease supervision violation.