THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMAL GREEN, Appellant. [882 NYS2d 419]—

Appeal by the defendant from a resentence of the Supreme Court, Queens County (Roman, J.), imposed November 14, 2006, after a hearing, held upon remittitur from this Court for resentencing (*see People v Green,* 31 AD3d 578 [2006]), upon his conviction of burglary in the first degree, assault in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and endangering the welfare of a child (three counts), upon a jury verdict.

Ordered that the resentence is affirmed.

In 1999, upon his conviction of burglary in the first degree and other offenses, the defendant was sentenced, as a second violent felony offender, to a determinate term of imprisonment of 20 years and lesser concurrent terms. Based on a notation in the certificate of disposition relating to the defendant's conviction of criminal possession of a weapon in the third degree in 1989, indicating that the defendant may have pleaded guilty to a violation of Penal Law § 265.02 (1), which was not a violent felony offense, this Court vacated the defendant's 1999 sentence and remitted the matter for resentencing, to be preceded by a hearing pursuant to CPL 400.15 to determine whether the defendant was a second violent felony offender (*see People v Green,* 31 AD3d 578 [2006]).

At the hearing directed by this Court, the People established that the notation in the certificate of disposition was attributable to a defect in the Supreme Court's computerized record-keeping system, which caused random information to be entered into that court's records. In addition, the People submitted copies of the indictment and the transcript of the plea proceedings relating to the 1989 conviction, which clearly indicated that the defendant pleaded guilty to a violation of Penal Law former § 265.02 (4) (now Penal Law § 265.03 [3]) which was then designated as a violent felony offense (*see* Penal Law former § 70.02 [1] [c]). Thus, the People proved, beyond a reasonable doubt, that the offense of which the defendant was convicted in 1989 was a violent felony offense, and that the defendant was, therefore, a second violent felony offender (*see* CPL 400.15 [7] [a]).

After determining that the defendant had been correctly adjudicated a second violent felony offender, the Supreme Court properly declined to consider imposing a lesser sentence based on the defendant's behavior and accomplishments subsequent to the original sentencing. This Court remitted this matter to

the Supreme Court, Queens County, for a limited purpose, and once that court determined that the defendant had properly been adjudicated a second violent felony offender at the original sentencing, there was no occasion for the court to conduct a plenary resentencing. Since the Supreme Court correctly determined that there was no infirmity in the original sentence, that court, unlike the courts in the cases relied upon by the defendant (*see People v Desulma,* 26 AD3d 443 [2006]; *People v Van Pelt,* 186 AD2d 604 [1992]), was not called upon to reconsider the propriety of the original sentence. Moreover, even if a plenary resentencing had been appropriate, "the proper focus of the inquiry [would have been] on defendant's record prior to the commission of the crime" (*People v Kuey,* 83 NY2d 278, 282 [1994]). Thus, under the circumstances of this case, the Supreme Court, upon resentencing, properly reimposed the original sentence. Prudenti, P.J., Miller, Eng and Belen, JJ., concur.