(May 18, 2010)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
MANUEL RODRIGUEZ, Appellant. [905 NYS2d 134]—

Judgment of resentence, Supreme Court, New York County
(Gregory Carro, J.), rendered October 7, 2008, resentencing de-
fendant to a term of 25 years with three years' postrelease
supervision, unanimously modified, as a matter of discretion in
the interest of justice, to the extent of reducing the sentence to
a term of 20 years with three years' postrelease supervision
(PRS), and otherwise affirmed.

This case was one of the cases consolidated with *People v
Sparber* (10 NY3d 457 [2008]). The Court of Appeals directed "a
resentencing hearing that will include the proper pronounce-
ment of the relevant PRS term" (*id.* at 473). Defendant argues
that the resentencing court was obligated to reconsider the
length of the original prison term, and requests that the case be
remanded for another resentencing. This case presents the is-
sue this Court found unnecessary to decide in *People v Edwards*
(62 AD3d 467, 468 [2009], *lv denied* 12 NY3d 924 [2009]),
"whether a proceeding conducted for the purpose of compliance
with *Sparber* is a plenary resentencing that permits the court to
reconsider the length of the prison component of the sentence."
We now conclude that such a resentencing only involves PRS,
and does not present the sentencing court with an occasion to
revisit the original prison sentence. According to *Sparber*, a
court's failure to include PRS in its oral pronouncement of
sentence "amounts only to a procedural error, akin to a mis-
statement or clerical error, which the sentencing court could
easily remedy" (10 NY3d at 472). Moreover, there was no legal
error, whether procedural or substantive, in the imposition of
the term of incarceration. The fact that the proceeding at issue
was designated a resentencing does not necessarily imply that
defendant was entitled to a completely de novo sentencing (*see
e.g. People v Green*, 62 AD3d 1024, 1026 [2009], *lv denied* 13
NY3d 744 [2009] [limited-purpose resentencing does not require
reconsideration of original sentence found to be validly
imposed]; *People v Quinones*, 22 AD3d 218, 219 [2005], *lv denied*
6 NY3d 817 [2006] ["resentencing does not place a defendant,

for all purposes, in the position of a person being sentenced for the first time"]).

We have considered and rejected defendant's double jeopardy and due process challenges to the imposition of PRS. In the interest of justice, however, we find the sentence excessive to the extent indicated. Concur—Gonzalez, P.J., McGuire, Acosta and Román, JJ.