(March 3, 2011)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL RODRIGUEZ, Appellant. [920 NYS2d 2]—

This case was one of the cases consolidated in *People v Sparber* (10 NY3d 457 [2008]). The Court of Appeals directed "a resentencing hearing that will include the proper pronouncement of the relevant PRS term" (*id.* at 473). Defendant argues that the resentencing court was obligated to reconsider the length of the original prison term, and requests that the case be remanded for another resentencing. This case presents the issue this Court found unnecessary to decide in *People v Edwards* (62 AD3d 467, 468 [2009], *lv denied* 12 NY3d 924 [2009]), "whether a proceeding conducted for the purpose of compliance with *Sparber* is a plenary resentencing that permits the court to reconsider the length of the prison component of the sentence." We now conclude that such a resentencing only involves PRS, and is not an occasion to revisit the original prison sentence. According to *Sparber*, a court's failure to include PRS in its oral pronouncement of sentence "amounts only to a procedural error, akin to a misstatement or clerical error, which the sentencing court could easily remedy" (10 NY3d at 472). Moreover, there was no legal error, whether procedural or substantive, in the imposition of the term of incarceration. The fact that the

proceeding at issue was designated a resentencing does not necessarily imply that defendant was entitled to a completely de novo sentencing (*see e.g. People v Green*, 62 AD3d 1024, 1026 [2009], *lv denied* 13 NY3d 744 [2009] [limited-purpose resentencing does not require reconsideration of original sentence found to be validly imposed]; *People v Quinones*, 22 AD3d 218, 219 [2005], *lv denied* 6 NY3d 817 [2006] ["resentencing does not place a defendant, for all purposes, in the position of a person being sentenced for the first time"]).

We have considered and rejected defendant's double jeopardy and due process challenges to the imposition of PRS. To the extent defendant is requesting a reduction of his prison sentence as a matter of discretion in the interest of justice, we are without authority to grant that request.

The decision and order of this Court entered herein on May 18, 2010 (73 AD3d 541 [2010]) is hereby recalled and vacated (*see* 2011 NY Slip Op 65670[U] [2011] [decided simultaneously herewith]). Concur—Gonzalez, P.J., McGuire, Acosta and Román, JJ.