The People of the State of New York, Respondent,
against
Adedoyin Olubummo, Appellant. 




Higbee & Associates (Raymingh L. Ngo of counsel), for appellant.
Rockland County District Attorney (Tina L. Guccione of counsel), for respondent.

Appeal from an order of the Rockland County Court (Kevin F. Russo J.), entered March 22, 2018. The order denied defendant's motion for an order, pursuant to CPL 160.59, sealing the record of his judgment of conviction. The appeal was transferred to this court by decision and order on motion of the Appellate Division, Second Judicial Department, dated April 15, 2019.




ORDERED that the order entered March 22, 2018 is affirmed, without costs.
In 2005, defendant pleaded guilty to criminal possession of a weapon in the third degree (Penal Law former § 265.02 [4]) and was subsequently sentenced to, among other things, six months in jail. In January 2018, defendant moved, pursuant to CPL 160.59, for an order sealing the record of his judgment of conviction. The People opposed the motion. By order entered March 22, 2018, the County Court summarily denied the motion. 
At the outset, we note that even though defendant's motion related to a criminal matter, since it "does not affect the criminal judgment itself, but only a collateral aspect of it—namely, the sealing of the court record," it is a civil matter (Matter of Hynes v Karassik, 47 NY2d 659, 661 n 1 [1979]). Therefore, defendant was entitled to appeal as of right the order denying his motion (see CPLR 5701 [a] [2]).
CPL 160.59 (1) (a) lists the types of criminal offenses that are "Eligible" to be sealed, which list does not include "a violent felony offense defined in section 70.02 of the penal law." Contrary to the determination of the County Court, at the time of defendant's plea in 2005, Penal Law former § 265.02 (4) was defined as a violent felony offense pursuant to Penal Law former § 70.02 (1) (c) (see People v Green, 62 AD3d 1024, 1025 [2009]). The County Court, however, correctly noted that Penal Law former § 265.02 (4) was subsequently replaced by Penal Law § 265.03 (3) (see id. at 1025), and we note that current Penal Law § 70.02 (1) (b), likewise, [*2]provides that Penal Law § 265.03 (3) is a violent felony offense. Consequently, defendant was not entitled to an order sealing the record of his judgment of conviction.
Accordingly, the order entered March 22, 2018 is affirmed.
TOLBERT, J.P., RUDERMAN and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 30, 2020