THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD BROWN, Appellant.—Upon appeal by permission, order of the Supreme Court, Kings County, dated December 10, 1979, which adhered to its original determination dated April 24, 1979, affirmed for the reasons stated in the memorandum of Mr. Justice Cooper at Criminal Term dated November 29, 1979. Mangano, J. P., Gibbons, Gulotta and O'Connor, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BROWN, Appellant.—Appeals by defendant from (1) a judgment of the Supreme Court, Kings County (Booth, J.), rendered July 28, 1978 (Ind. No. 2171/76), convicting him of two counts of criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence, and (2) three judgments of the same court (McShane, J.), all rendered July 28, 1978, as amended by resentences imposed January 7, 1980 (Ind. Nos. 2171/76, 2172/76 and 2173/76), convicting him of three counts of criminal sale of a controlled substance in the second degree, upon pleas of guilty. (We deem the *pro se* notice of appeal from the judgments rendered July 28, 1978 by McShane, J., to also be from the judgment rendered the same date by Booth, J.) Judgment on Indictment No. 2171/76 rendered July 28, 1978 by Booth, J., reversed, on the law, and counts three and six of the said indictment are dismissed as a matter of discretion in the interest of justice. The remaining three judgments, as amended, modified, on the law, by vacating the sentences imposed. As so modified, said judgments, as amended, affirmed and cases remitted to Criminal Term for resentencing consistent herewith. Defendant was charged under three separate indictments (Indictment Nos. 2171/76, 2172/76 and 2173/76) *inter alia,* with

selling cocaine to an undercover police officer. He was tried by a jury on Indictment No. 2171/76, which charged him with two counts of criminal sale of a controlled substance in the second degree (Penal Law, § 220.41), two counts of criminal possession of a controlled substance in the third degree (Penal Law, § 220.16), and two counts of criminal possession of a controlled substance in the fifth degree (Penal Law, former § 220.09). After trial, defendant was convicted, upon a partial verdict, of two counts of criminal possession of a controlled substance in the fifth degree. As to the remaining four counts of the indictment, upon which the jury was unable to reach agreement, Criminal Term declared a mistrial. Thereafter, defendant withdrew his pleas of not guilty to each of the three indictments and pleaded guilty to one count, in each indictment, of criminal sale of a controlled substance in the second degree. This was in full satisfaction of the still pending counts of Indictment No. 2171/76 and all counts of the other two indictments. On July 28, 1978 defendant was sentenced (by McShane, J.) on each of the three counts of criminal sale of a controlled substance to concurrent indeterminate terms of imprisonment of six years to life. On the same date, upon his conviction of two counts of criminal possession of a controlled substance in the fifth degree, defendant received two concurrent sentences of zero to six years in prison (Booth, J.). Criminal Term also ordered that these sentences were to run concurrently with those imposed for criminal sale of a controlled substance. At trial on Indictment No. 2171/76, Criminal Term, without proper inquiry, closed the courtroom to the public during the testimony of an undercover police officer. This action was taken upon the People's representation that the officer was still involved in undercover activities and that there was fear for his safety. Subsequently, on cross-examination, it was discovered that the officer was no longer assigned to undercover work. Since it is, per se, reversible error to close a trial to the public without a factual showing of compelling necessity (People v Jones, 47 NY2d 409), and since no such showing was made herein, the judgment rendered against defendant upon the two counts of criminal possession of a controlled substance in the fifth degree must be reversed. Furthermore, we dismiss those two criminal possession counts of Indictment No. 2171/76 as a matter of discretion in the interest of justice. Defendant pleaded guilty, under the same indictment, to criminal sale of a controlled substance in the second degree. Considering all the facts and circumstances in this case, it is determined that this plea to the top count of the indictment should be and is deemed to be accepted in full satisfaction thereof. Finally, it appears from the record that defendant was absent from his resentencing pursuant to section 60.09 of the Penal Law, thus depriving him of the opportunity to make a sentencing statement on his own behalf (see CPL 380.40, 380.50). Accordingly, we remand the matter to Criminal Term for resentencing, at which time defendant shall be afforded an opportunity to appear. We have considered defendant's other contentions and find them to be without merit. Mollen, P. J., Titone, Mangano and Weinstein, JJ., concur.