■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILDA A. LEE, Appellant. — Judgment, Supreme Court, New York County (Lang, J.), rendered March 18, 1980, resentencing defendant to a term of one year to six years after she had been convicted after trial (Sandler, J., and a jury), of the crime of criminal sale of a controlled substance in the third degree (Penal Law, § 220.39) and had been sentenced to a term of one year to life, unanimously modified, on the law, to the extent of vacating the sentence, and the matter remitted to the Supreme Court for resentencing. We do not pass on the issue whether the resentence was excessive. The defense asserts and the District Attorney agrees, as do we, that in its failure to have the defendant produced at resentence, the court denied defendant her statutory right to be present at sentencing. CPL 380.40 (subd 1) requires a defendant to be present at the time of sentence except in circumstances not relevant here. The defendant's presence is also required on resentencing *(People v Brown,* 79 AD2d 659, 660; see, also, *People v Green,* 54 NY2d 878; *Root v Kapelman,* 67 AD2d 131). In fact, in this matter we note the appellant wrote several letters to the court protesting the delay in bringing her to court for resentencing. The omission also deprived

appellant of her right to speak on her own behalf at resentencing (CPL 380.50). Concur — Birns, J.P., Carro, Silverman and Bloom, JJ.