■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH LUCKS, Appellant. — Judgment, Supreme Court, Bronx County (Joseph Cohen, J.), rendered August 19, 1981, resentencing defendant to a term of 8⅓ to 25 years on a prior conviction after trial (Drohan, J., and a jury), of criminal sale of a controlled substance in the third degree, for which defendant had been sentenced to a term of 8⅓ years to life, modified, on the law, to the extent of reversing the sentence and the matter remitted to the Supreme Court for resentencing and otherwise affirmed. The appeal from the order (same court, same Justice), entered September 28, 1981, denying defendant's motion pursuant to CPL 440.20 to set aside and vacate the resentencing *in absentia,* dismissed as academic. By judgment rendered December 17, 1976, defendant was convicted of criminal sale of a controlled substance in the third degree and was sentenced to an indeterminate term of 8⅓ years to life imprisonment. We affirmed the conviction (83 AD2d 516), observing that, although defendant had suffered an injustice with respect to the sentence imposed, nevertheless, we declined to pass upon the term of imprisonment since the appropriate procedure was for appellant to move for resentencing pursuant to section 60.09 of the Penal Law. Defendant's motion for resentencing was not opposed and, on August 19, 1981, the trial court, on the call of the calendar, appointed a Legal Aid attorney, then present in the courtroom, to represent appellant. Appellant, *in absentia,* was resentenced to a term of 8⅓ to 25 years. The attorney who had represented appellant in the prior proceedings and on the prior appeal to this court was not present at that time. Subsequently, defendant, *pro se,* moved to set aside the resentence, alleging, *inter alia,* a denial of his statutory right to appear at the resentencing and to speak on his own behalf. He claimed that he had thus been deprived of the opportunity to challenge the constitutionality of sections 60.09 and 70.00 of the Penal Law and to afford to the court an updated probation report. Upon denial of the motion, defendant sought leave to appeal, which was granted, the appeal to be heard with the appeal from the judgment on resentence. CPL 380.40 (subd 1) is clear in its direction that a defendant be personally present at the time sentence is pronounced. CPL 380.50 further

directs that the court afford to defense counsel the right to speak on behalf of his client at the time of sentencing. The statute also directs that a defendant "has the right to make a statement personally in his own behalf, and before pronouncing sentence the court must ask him whether he wishes to make such a statement." The statutory requisites have been held applicable to resentencing and, thus, mandate that defendant and counsel be afforded an opportunity to appear and address the court on resentencing (*People v Lee*, 84 AD2d 699; *People v Brown*, 79 AD2d 659). The transcript of the resentencing here makes patently clear that the court made no attempt to accord to defendant his statutory right to be present at the time of the resentencing. The Legal Aid attorney was appointed to represent defendant, apparently without his knowledge or consent, since he had appeared by different counsel in the prior proceedings and *pro se* on the motion for resentencing. At the time he was resentenced, appellant was incarcerated and the record is barren as to any reason for the failure to bring him before the court, as required by the statute. There was no claim or issue presented here that appellant waived or otherwise relinquished his right to be present; nor is this a case where the resentencing was designed to extend the time in which to appeal (*People v Ali*, 25 AD2d 435; *People v Corso*, 46 AD2d 863, revd on other grounds 40 NY2d 578; *People v Clifford*, 38 AD2d 952). Neither does this case pose the situation where a defendant, because of obstreperous conduct, has been deemed to have waived his right to be present (see *People v Stroman*, 36 NY2d 939). Here, the trial court made no inquiry but merely proceeded to resentence defendant, without receipt of or consideration given to a presentence memorandum or a presentence report pursuant to CPL 390.20. The denial of the right to be present likewise deprived appellant of his right to challenge, as applied to him, the constitutionality of sections 60.09 and 70.00 of the Penal Law, albeit the constitutionality of the mandatory drug sentencing law has been upheld (*People v Broadie*, 37 NY2d 100). Appellant, in person and by his counsel shall be afforded the opportunity required by the statute to appear before the court on resentencing and the right to make a statement on his own behalf (see CPL 380.40, 380.50). Accordingly, we remand the matter to the Supreme Court for resentencing, with defendant and counsel being accorded the opportunity to appear. Concur — Sandler, Sullivan and Kassal, JJ.

Murphy, P. J., and Kupferman, J., dissent in a memorandum by Kupferman, J., as follows: We dissent and would affirm. This court previously (83 AD2d 516) remanded for resentence, pursuant to section 60.09 of the Penal Law. That section of the Penal Law, as the Practice Commentary by Arnold D. Hechtman (McKinney's Cons Laws of NY, 1982-1983 Pocket Part, p 67) points out, "was intended to undo the harsh sentencing consequences of the tough 1973 drug laws by providing for retroactive resentencing of persons convicted of class A-II and A-III drug felonies." On remand, the sentence of 8⅓ to life was reduced to 8⅓ to 25 years in accordance with the provisions of sections 60.09 and 70.00. Other aspects had been before this court on the appeal, and there was nothing further for the court, on remand, to consider. Therefore, there was nothing that could be added by earlier counsel or by the defendant. Accordingly, the new remand, to provide for the defendant to appear for the resentencing, accomplishes nought.