■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CECIL BROWN, Appellant.—Appeal by the defendant from an amended sentence of the Supreme Court, Queens County (Beldock, J.), imposed September 7, 1988, upon his conviction of manslaughter in the first degree, upon his plea of guilty.

Ordered that the amended sentence is vacated, on the law, and the matter is remitted to the Supreme Court, Queens County, for resentencing.

After granting a defendant's motion to set aside a sentence pursuant to CPL 440.20 (1) on the ground it was unauthorized, the court "must resentence the defendant in accordance with the law" (CPL 440.20 [4]). CPL 380.40 (1) requires a defendant to be present at the time of sentence except in circumstances not relevant here. Absent an express waiver, the defendant's presence is also required on resentencing (*People v Lucks,* 91 AD2d 896; *People v Lee,* 84 AD2d 699; *People v Brown,* 79 AD2d 659; *see also, People v Green,* 54 NY2d 878). As the People concede on this appeal, the court's failure to have the defendant produced at resentence denied the defendant his statutory right to be present. Mangano, J. P., Kunzeman, Rubin, Eiber and Balletta, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHELLE BROWN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered July 18, 1986, convicting her of attempted robbery in the first degree, upon her plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Mollen, P. J., Lawrence, Kooper, Spatt and Harwood, JJ., concur.