■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHELTON CROSSLAND, Appellant. [675 NYS2d 358] —Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Silverman, J.), rendered October 17, 1996, convicting him of reckless endangerment in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence, and (2) an amended sentence of the same court, rendered November 26, 1996.

Ordered that the judgment is affirmed; and it is further,

Ordered that the amended sentence is vacated, and the mat-

ter is remitted to the Supreme Court, Kings County, for resentencing in accordance with the procedures set forth in CPL 380.50.

The defendant failed to preserve for appellate review his claim that the evidence at trial was not legally sufficient (*see,* CPL 470.05 [2]; *People v Johnson,* 185 AD2d 247; *see also, People v Kerr,* 210 AD2d 349, 350). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant also failed to preserve for appellate review his claim that the trial court improperly dismissed a sworn juror. The defendant did not object to the court's inquiry, did not ask the juror any questions, and did not challenge the court's dismissal of the juror (*see,* CPL 470.05 [2]; *People v Torres,* 80 NY2d 944, 945; *People v Tillman,* 185 AD2d 864, 865). In any event, the court properly excused the juror based on her statements that she could not be impartial (*see, People v White,* 204 AD2d 750).

The defendant was not denied his right to be present during a material stage of the trial when the sworn juror was questioned about possible disqualification and was thereafter excused. Considering the nature and scope of the inquiry, the defense counsel's presence was sufficient to safeguard the defendant's right to be present (*see, People v Torres, supra,* at 945; *People v Darby,* 75 NY2d 449, 453; *People v Mullen,* 44 NY2d 1, 6; *People v Martinez,* 207 AD2d 912).

The court properly admitted testimony regarding the defendant's threats, as that testimony was relevant on the issue of motive and was inextricably interwoven with the crime (*see, People v Alvino,* 71 NY2d 233, 242; *People v Ventimiglia,* 52 NY2d 350, 359; *People v Jones,* 221 AD2d 661; *People v Goodman,* 167 AD2d 352, 353; *People v Johnson,* 155 AD2d 924, 925; *see also, People v Crandall,* 67 NY2d 111; *People v Vails,* 43 NY2d 364; *People v Seaberry,* 138 AD2d 422, 423). Additionally, it was admissible to complete the narrative of events regarding the commission of the crime (*see, People v Gines,* 36 NY2d 932; *see also, People v Molineux,* 168 NY 264; *People v DeLeon,* 177 AD2d 641).

As the People correctly concede, however, a defendant is entitled "to make a statement personally in his or her own behalf, and before pronouncing sentence the court must ask

the defendant whether he or she wishes to make such a statement" (CPL 380.50 [1]). The defendant in this case was not afforded that opportunity here. Accordingly, the matter is remitted for resentencing to give the defendant an opportunity to make a statement in his behalf, should he so desire (see, People v Brown, 155 AD2d 608; People v Lucks, 91 AD2d 896, 897; People v Lee, 84 AD2d 699, 700; see also, People v Green, 54 NY2d 878, 880).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Rosenblatt, J. P., Copertino, Goldstein and Luciano, JJ., concur.