■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY HORTON, Appellant. [744 NYS2d 720] —Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Rosenzweig, J.), rendered May 31, 2000, convicting him of attempted rape in the first degree, sexual abuse in the first degree (two counts), attempted rape in the third degree,

intimidating a victim or witness in the third degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence, and (2) an amended sentence of the same court, imposed June 14, 2000, upon the conviction of attempted rape in the first degree.

Ordered that the judgment is affirmed; and it is further,

Ordered that the amended sentence is vacated, and the matter is remitted to the Supreme Court, Queens County, for resentencing on the conviction of attempted rape in the first degree, in accordance herewith.

We disagree with the defendant's contention that his conviction must be reversed because of prosecutorial misconduct throughout the trial. With respect to any prosecutorial misconduct that may have occurred during the trial, the misconduct did not substantially prejudice the defendant's trial (*see People v Galloway,* 54 NY2d 396, 401; *People v White,* 196 AD2d 641).

As the People correctly concede on this appeal, the Supreme Court's failure to have the defendant produced for resentencing on his conviction of attempted rape in the first degree after it determined that the original sentence was unlawful, violated the defendant's statutory right to be present at the time sentence is pronounced (*see* CPL 380.40; *People v Crossland,* 251 AD2d 509; *People v Brown,* 155 AD2d 608; *People v Lucks,* 91 AD2d 896, 897).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Altman, J.P., McGinity, Townes and Crane, JJ., concur.