■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MORRIS W. DENNIS, Appellant. (Appeal No. 1.) [775 NYS2d 701]— Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered September 3, 2002. The judgment convicted defendant, upon his plea of guilty, of assault in the second degree.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MORRIS W. DENNIS, Appellant. (Appeal No. 2.) [775 NYS2d 701]—

Appeal from a resentence of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered October 9, 2002. Defendant was resentenced upon his conviction of assault in the second degree.

It is hereby ordered that the resentence be and the same hereby is unanimously reversed on the law and the matter is remitted to Oswego County Court for further proceedings in accordance with the following memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of assault in the second degree (Penal Law § 120.05 [9]) and sentencing him to a determinate term of incarceration of five years plus five years of postrelease supervision. More

than 30 days later, after determining that the original sentence was unlawful and had to be corrected, County Court resentenced defendant in absentia to a determinate term of incarceration of five years plus three years of postrelease supervision, in accordance with Penal Law § 70.45 (2), and in appeal No. 2 he appeals from that resentence. The court violated the statutory rights of defendant to be present at the time sentence is pronounced and to make a statement on his own behalf by failing to have defendant produced for resentencing (*see* CPL 380.40 [1]; 380.50 [1]; *People v Brown,* 261 AD2d 890 [1999]; *People v Lucks,* 91 AD2d 896, 896-897 [1983]; *see also People v Horton,* 296 AD2d 466, 467 [2002], *lv denied* 98 NY2d 768 [2002]; *People v Colon,* 89 AD2d 552 [1982]). We therefore reverse the resentence in appeal No. 2 and remit the matter to County Court for a further resentencing of defendant, at which time defendant must be afforded the opportunity to appear with counsel (*see Lucks,* 91 AD2d at 897; *see also Horton,* 296 AD2d 466 [2002]; *Brown,* 261 AD2d 890 [1999]). Present—Green, J.P., Pine, Kehoe, Gorski and Hayes, JJ.