■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY L. CONDON, SR., Appellant. [782 NYS2d 163]—

Mercure, J.P. Appeal from a judgment of the County Court of

Delaware County (Becker, J.), rendered April 14, 2003, convicting defendant upon his plea of guilty of the crimes of driving while intoxicated and criminal possession of stolen property in the fourth degree.

Following his arrest in the Town of Meredith, Delaware County, defendant executed a waiver of indictment and consented to prosecution by a superior court information charging him with certain offenses related to his impaired and unlicensed operation of a motor vehicle and his possession of purportedly stolen firearms. Defendant subsequently pleaded guilty to the crimes of driving while intoxicated and criminal possession of stolen property in the fourth degree and was sentenced to the agreed-upon aggregate prison term of 1½ to 3 years.* Defendant now appeals and we affirm.

Turning first to defendant's claims concerning County Court's denial of his various motions to dismiss the charges against him, we find these claims unpersuasive. Even assuming, arguendo, that defendant was at one time entitled to service of a supporting deposition in connection with the charge of criminal possession of stolen property in the fourth degree, we agree with County Court that defendant waived any such right by consenting to prosecution by superior court information. The CPL does not provide for the service of supporting depositions for crimes to be prosecuted in the superior courts (*compare* CPL art 100, *with* CPL art 200). Similarly, defendant's remaining motions to dismiss certain charges were based solely on the issue of his factual guilt. Such claims were forfeited by operation of his guilty plea (*see People v Keizer*, 100 NY2d 114, 122-123 [2003]; *People v Hansen*, 95 NY2d 227, 230-232 [2000]).

As to defendant's claims concerning his resentencing in absentia, we note that defendant has not appealed from County Court's resentencing order, which was issued after defendant filed the notice of appeal from his judgment of conviction (*compare People v Horton*, 296 AD2d 466, 467 [2002], *lv denied* 98 NY2d 768 [2002]). In any event, the resentencing order came upon defendant's request, in which he expressly consented to his own absence from resentencing and explicitly asked the court to merely forward a new commitment order to the Department of Correctional Services. We therefore view defendant's right to be present at resentencing (*see People v Brown*, 155

---

* County Court later issued an order in which it amended defendant's sentence to 1 to 3 years in prison in recognition of the fact that "defendant should have been sentenced as a second DWI offender, not a second felony offender" (*compare* Vehicle and Traffic Law § 1193 [1] [c], *and* Penal Law § 70.00 [3] [b], *with* Penal Law § 70.06 [4] [b]).

AD2d 608 [1989]) to be waived under these circumstances (*see People v Corley*, 67 NY2d 105, 109-110 [1986]; *People v Vigliotti*, 270 AD2d 904, 906 [2000], *lvs denied* 95 NY2d 839, 970 [2000]).

Crew III, Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.