■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVIE P. ROBINSON, Appellant. [975 NYS2d 464]—

Appeal by the defendant from a resentence of the County Court, Dutchess County (Forman, J.), imposed September 1, 2011, as amended November 22, 2011, upon his convictions of sodomy in the first degree, sexual abuse in the first degree (two counts), and endangering the welfare of a child, upon a jury verdict.

Ordered that the resentence, as amended, is reversed, on the law, and the matter is remitted to the County Court, Dutchess County, for resentencing in accordance herewith.

On December 7, 2000, the County Court sentenced the defendant to a determinate term of 20 years of imprisonment for his conviction of sodomy in the first degree, a determinate term of seven years of imprisonment for a conviction of sexual abuse in the first degree, to run concurrently, a determinate term of five years of imprisonment for a second conviction of sexual abuse in the first degree, to run consecutively, and a definite term of one year of incarceration for his conviction of endangering the welfare of a child, which merged with the other sentences. However, the County Court failed to pronounce periods of postrelease supervision, as required by Penal Law § 70.45. Therefore, pursuant to *People v Sparber* (10 NY3d 457 [2008]), the County Court, in the presence of the defendant, resentenced him on September 1, 2011. The County Court imposed a period of five years of postrelease supervision for the sodomy conviction, a concurrent three-year period of postrelease supervision for the first sexual abuse conviction, and a consecutive three-year period of postrelease supervision for the second sexual abuse conviction (*see* Penal Law § 70.45 [2] [a]). The court directed that the three-year period of postrelease supervision for the second sexual abuse conviction run consecutive to the five-year period of postrelease supervision for the sodomy conviction, for a total of eight years of postrelease supervision. On November 22, 2011, the County Court amended the resentence, directing that the periods of postrelease supervision were to run concurrently with each other. On that date, the defendant was not present in the courtroom.

The defendant's statutory right to be "personally present at

the time sentence is pronounced" (CPL 380.40 [1]) extends to resentencing and to the amendment of a sentence (*see People v Weekes*, 28 AD3d 499, 500 [2006]; *People v Garrison*, 9 AD3d 436 [2004]; *People v Horton*, 296 AD2d 466, 467 [2002]). Thus, the County Court's failure to have the defendant produced at the proceeding on November 22, 2011, at which it amended a resentence, violated the defendant's statutory right to be present at the time of sentence. Accordingly, we remit the matter to the County Court, Dutchess County, for resentencing in accordance with Penal Law § 70.45 (2-a) and (5) (c).

The defendant's remaining contentions are without merit. Dillon, J.P., Angiolillo, Dickerson and Cohen, JJ., concur.