Appeal by the defendant, by permission, from an order of the Supreme Court, Kings *1136 County (Green, J.), entered August 19, 2013, which denied, without a hearing, his motion pursuant to CPL 440.20 to set aside a resentence of the same court (McKay, J.), imposed May 21, 2003, upon his conviction of robbery in the first degree, upon a jury verdict, the resentence being a period of postrelease supervision in addition to the determinate term of imprisonment previously imposed on January 4, 2000.
Ordered that the order is affirmed.
The defendant moved pursuant to CPL 440.20 (1) to set aside his resentence, inter alia, on the ground that he was not personally present at the time the resentence was pronounced (see CPL 380.40 [1]; People v Robinson, 111 AD3d 963, 964 [2013]). In an order entered August 19, 2013, the Supreme Court denied the defendant’s motion without a hearing.
The defendant’s allegation that he was not present at his resentencing proceeding on May 21, 2003, was contradicted by official documents, and, under all the circumstances, there is no reasonable possibility that the allegation is true. Accordingly, the Supreme Court did not improvidently exercise its discretion in denying the defendant’s motion without a hearing (see CPL 440.30 [4] [d]; see also People v Velasquez, 1 NY3d 44, 48 [2003]; People v Martin, 26 AD3d 847, 848 [2006], affd sub nom. People v Kisoon, 8 NY3d 129 [2007]; People v Sullivan, 153 AD2d 223 [1990]; cf. People v Karl Chu-Joi, 125 AD3d 785, 785-786 [2015], affd 26 NY3d 1105 [2015]).
Dillon, J.P., Austin, Maltese and Barros, JJ., concur.