================================================================
This opinion is uncorrected and subject to revision before
publication in the New York Reports.
----------------------------------------------------------------

No. 69
The People &c.,
          Respondent,
        v.
Ronald D. Rossborough,
          Appellant.

Christine Seppeler, for appellant.
Eric R. Schiener, for respondent.

PIGOTT, J.:

The issue on this appeal is whether a defendant who pleaded guilty to a felony may waive his or her right to be present at sentencing. We hold that such a waiver is permissible under the circumstances herein.

After committing a series of crimes in three different

- 1 -

counties, defendant took pleas in each, the last being in Wyoming County.  There, defendant was charged with three counts of criminal possession of a forged instrument in the second degree (Penal Law § 170.25), attempted grand larceny in the third degree (Penal Law §§ 110.00, 155.35) and grand larceny in the third degree (Penal Law § 155.35).  He pleaded guilty to grand larceny in the third degree (a class D felony) in full satisfaction of the indictment on the condition that he would be sentenced as a second felony offender to an indeterminate term of 3 to 6 years' imprisonment to run concurrently with sentences he was serving for convictions in Allegany and Wyoming Counties.

At the plea proceeding, County Court accepted defendant's plea, adjudicated him a second felony offender, and set a sentencing date.  Defense counsel informed the court that defendant wanted to waive his personal appearance at sentencing.  After apprising defendant of his "absolute right to be here for the sentencing," the court stated that if defendant wished to appear at sentencing solely by his attorney, he could do so.  The court cautioned, however, that should it disagree with the proposed sentence or if circumstances indicated that the negotiated plea agreement would not be honored, defendant would have to appear for sentencing.  The court reiterated the terms of the plea agreement to defendant, and, upon receiving assurances that defendant understood the terms and "absolutely" wanted to waive his personal appearance at sentencing, granted defendant's

request.

On the date of sentencing, defense counsel appeared on defendant's behalf. The court explained that it had received the presentence report and asked defense counsel if he had anything to add and inquired if there were any errors in the report. When counsel responded that the report was satisfactory, the court sentenced defendant in accordance with the plea agreement.

On appeal, defendant argued that County Court erred in sentencing him in absentia citing Criminal Procedure Law § 380.40. The Appellate Division rejected defendant's contention, holding that the record established "that defendant waived his right to be present at sentencing, having specifically requested at the plea proceeding that he be permitted to waive his personal appearance at sentencing" (113 AD3d 1114, 1114 [4th Dept 2014], citing People v Condon, 10 AD3d 811, 812-813 [3d Dept 2004], lv denied 4 NY3d 742 [2004]). A Judge of this Court granted defendant leave to appeal, and we now affirm.

Defendant contends that County Court violated CPL 380.40 (1) by permitting him to waive his presence for sentencing and in pronouncing judgment in his absence. We disagree. CPL 380.40 provides, with limited exceptions, that the "defendant must be personally present at the time sentence is pronounced" (CPL 380.40 [1]). In situations where the sentence is to be pronounced for a misdemeanor or petty offense, a defendant may move to dispense with the personal presence requirement, and,

with the court's permission, may be sentenced in absentia so long as the defendant executes a waiver "reciting the maximum sentence that may be imposed for the offense and stating that the defendant waives the right to be personally present at the time sentence is pronounced" (CPL 380.40 [2]).  On its face, the statute provides for no similar exception for felony defendants.

But this Court has recognized exceptions to the general rule that a defendant convicted of a felony must be personally present at sentencing.  A defendant who absconds during trial or before sentencing, for example, is said to forfeit any right to be present (see People v Corley, 67 NY2d 105, 109-110 [1986]; People v Sanchez [Rivera], 65 NY2d 436, 444 [1985] ["a defendant who is properly tried in absentia may during his continued absence also be sentenced in absentia"]).

This case, one of first impression, presents the question whether a defendant convicted of a felony may expressly waive the right to be present at sentencing.  In People v Stroman (36 NY2d 939 [1975]), we declined to find an implied waiver of that right where the defendant was sentenced in absentia, notwithstanding the fact that defendant was in a detention pen adjacent to the courtroom (see id. at 940).  We held that waiver could not be implied because no effort had been made to apprise the defendant of his right to be present, nor had there been any attempt to bring the defendant into the courtroom (see id.).

We conclude, however, that a defendant may expressly

waive his right to be present. "[W]aiver results from a knowing, voluntary and intelligent decision" (Corley, 67 NY2d at 110). Although CPL 380.40 protects a defendant's fundamental right to be present at sentencing (see Peter Preiser, Practice Commentaries, McKinney's Cons Laws of New York, Book 11A, CPL 380.40, at 271), that fundamental right may be waived just as many other fundamental rights may be similarly waived (see e.g. People v Mox, 20 NY3d 936, 938 [2012] [defendant may waive right to a jury trial by pleading guilty]; People v Henriquez, 3 NY3d 210, 216 [2004] [defendant may voluntarily waive the right to the effective assistance of counsel]; People v Smith, 92 NY2d 516, 520 [1998] [defendant may waive fundamental right to counsel]; People v Epps, 37 NY2d 343 [1975], cert denied 423 US 999 [1975] [defendant in custody may waive his right to be present at trial]). A defendant's right to be present at sentencing does not fall within the class of those fundamental rights that may not be waived, particularly where a defendant is receiving the sentence to which he knowingly and voluntarily agreed in a plea bargain.

CPL 380.40 exists for the protection of the defendant, and if a defendant knowingly, voluntarily and intelligently informs the court that he desires to waive this fundamental right, he is entitled to do so. This defendant specifically sought to waive this right, did so on the record in the presence of his attorney, was apprised by the court that he had an

absolute right to personally appear, and expressly agreed to have his attorney appear at sentencing on his behalf. Moreover, the court assured defendant that it would not sentence him in absentia if circumstances indicated that the plea agreement could not be honored. Under these circumstances, defendant, having expressly waived his right to personally appear in the presence of his counsel, cannot be heard to complain that County Court erred in granting his specific request. Accordingly, the order of the Appellate Division should be affirmed.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order affirmed. Opinion by Judge Pigott. Chief Judge DiFiore and Judges Rivera, Abdus-Salaam, Stein and Garcia concur. Judge Fahey took no part.

Decided June 2, 2016