[68 NE3d 43, 45 NYS3d 318]

The People of the State of New York, Respondent, v Alfred Stewart, Appellant.

Decided December 15, 2016

### APPEARANCES OF COUNSEL

*Seymour W. James, Jr., The Legal Aid Society*, New York City (*Ellen Dille* of counsel), for appellant.

*Darcel D. Clark, District Attorney*, Bronx (*Lori Ann Farrington* of counsel), for respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be reversed and the case remitted to Supreme Court for resentencing.

A defendant has the right to be present at all material stages of trial (*see People v Ciaccio*, 47 NY2d 431, 436 [1979]), including sentencing (*see* CPL 380.40 [1]). We recently held that a defendant who has been convicted of a felony may waive his right to be present at sentencing, but must do so "expressly" (*People v Rossborough*, 27 NY3d 485, 488 [2016]). The same principle applies in resentencing. The People do not contend otherwise, but insist that an inmate who wishes to waive his right to be present at resentencing should not be required to convey that waiver by personal appearance in court, and that defendant properly waived his right to be present by having his counsel speak on his behalf. Here, however, there is no record of any form of express waiver by defendant himself, whether oral or in writing, and, thus, the issue raised by the People is not presented. Nor in this case can waiver or forfeiture of the right to be present be inferred from defendant's actions or inaction (*see generally People v Corley*, 67 NY2d 105, 109-110 [1986]; *People v Stroman*, 36 NY2d 939, 940 [1975]). Accordingly, defendant did not validly waive his right to be present.

Chief Judge DiFiore and Judges Pigott, Rivera, Abdus-Salaam, Stein, Fahey and Garcia concur.

On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), order

reversed and case remitted to Supreme Court, Bronx County, for resentencing, in a memorandum.