This opinion is uncorrected and subject to revision before publication in the New York Reports.
--------------------------------------------------------------------

No. 112
The People &c.,
            Respondent,
        v.
Roberto Estremera,
            Appellant.



                Samuel J. Mendez, for appellant.
                Vincent Rivellese, for respondent.








WILSON, J.:

        Criminal Procedure Law § 380.40 provides that a defendant "must be personally present at the time sentence is pronounced."  The question here is whether section 380.40 applies to the re-imposition of a defendant's original prison sentence

under Penal Law § 70.85. We conclude that Criminal Procedure Law § 380.40 entitles a defendant to be present personally at such a proceeding unless he or she validly forfeits or waives the right to be present.

In 2001, Mr. Estremera pleaded guilty to manslaughter in the first degree and attempted murder in the second degree. He was sentenced to 25 years in prison for each count, to be served concurrently. There was no mention of post-release supervision (PRS) at the sentencing hearing or in the sentence and commitment order. However, in 1998, the legislature had mandated that a period of PRS be imposed as part of any determinate state prison sentence (Penal Law § 70.45 [1998]).

In 2005, in People v Catu, we held that a defendant who pleads guilty must be informed of the direct consequences of his plea, including the imposition of PRS, in order to knowingly, voluntarily and intelligently plead guilty, and that the failure to notify defendant of the term of PRS during the plea colloquy required that the plea be vacated (4 NY3d 242, 245 [2005]; see People v Pignataro, 22 NY3d 381, 384 ["(W)e have repeatedly reaffirmed that a defendant could vacate a plea when the trial court failed to mention a mandatory term of PRS during the plea allocution."]). To address Catu and this Court's cases following it,[1] the legislature enacted an exception to the PRS requirement

_____

[1] In People v Sparber (10 NY3d 457, 469-470 [2008]), the Court held that, if a defendant had been informed of PRS during the plea colloquy but it had not been pronounced at sentencing, "the

in Penal Law § 70.85.  Penal Law § 70.85 applies only to
determinate sentences imposed between September 1, 1998, and June
30, 2008, and only if a statutorily-required term of PRS was not
pronounced orally at sentencing.  Specifically, section 70.85
provides that, with the district attorney's permission, "the
court may . . . re-impose the originally imposed determinate
sentence of imprisonment without any term of [PRS], which then
shall be deemed a lawful sentence."

In 2009, Mr. Estremera moved to vacate his plea and
sentence because he had not been informed of the term of PRS to
follow his prison sentence.  He contended that Catu required the
vacatur of his plea and that his sentence was illegal because it
did not include a term of PRS which was required under Penal Law
§ 70.45.  The People sought reimposition of the original sentence
pursuant to Penal Law § 70.85.  At a court appearance in November
2010, at which the prosecutor and defendant's attorney were
present but defendant himself was absent, Supreme Court denied
defendant's motion to vacate his plea under Catu and re-imposed
his original sentence, without a term of PRS, under section

---

procedure" by which sentence was "imposed was flawed because the
PRS component was not pronounced orally by the judge."  The
mandatory remedy was remittal to the trial court "for
resentencing and the proper judicial pronouncement of the
relevant PRS term[]" (id. at 465).  In Matter of Garner v New
York State Dept. of Correctional Servs. (10 NY3d 358 [2008]), the
Court also held that the Department of Correctional Services
could not administratively impose PRS where the trial court
neglected to impose it at sentencing.

70.85.  The court instructed defense counsel to notify defendant. The court's order stated, "No resentence.  Original sentence with no PRS stands."

The Appellate Division affirmed, reasoning that Mr. Estremera was not adversely affected by his absence from the resentencing because the result -- avoiding a term of PRS -- was in his favor (134 AD3d 655 [1st Dept 2015]).  Because that decision conflicts with a criminal defendant's right to be present in court when the court pronounces sentence (see CPL 380.40), we now reverse.

First, Supreme Court's characterization of its action as "No resentence" does not bind us.  Under People v Sparber (10 NY3d 457 [2008]) and Penal Law § 70.45, Mr. Estremera's 2001 sentence was illegal.  Section 70.85, by its terms, allows the court to "reimpose the originally imposed determinate sentence of imprisonment" without PRS and, thus, permits the act of imposing a sentence, even if its terms are identical to the illegal sentence originally imposed.  Our prior cases generally refer to the proceeding that takes place under section 70.85 as a "resentencing" (see e.g. People v Pignataro, 22 NY3d at 384 ["Supreme Court rejected defendant's arguments, and resentenced him under section 70.85 to a determinate term of 15 years without PRS"]).[2]  However, whether such a proceeding is technically a

_____

[2]  The legislative history for section 70.85 shows that it was contemplated as a "resentencing" proceeding -- the memorandum filed with the bill explains, "[t]his legislation . . . creat[es]

"resentencing" proceeding, as opposed to a proceeding to

"reimpose" a prior sentence, it is unquestionably a proceeding at

which "sentence is pronounced" as contemplated in CPL 380.40.

Furthermore, section 70.85 works in tandem with

Correction Law § 601-d, which contemplates defendant's presence

at proceedings held to correct Catu errors (see e.g. People v

Williams, 14 NY3d 198, 208 [2010] [the two statutes "deal with

the significant number of incarcerated individuals whose status

had been affected by the Catu and Garner/Sparber decisions"]).

As we explained in Williams, "Penal Law § 70.85 specifies that in

cases where PRS was required but not explicitly pronounced at

sentencing, the matter may be returned for resentencing pursuant

to Correction Law § 601-d, and the court may decide to reimpose

the original determinate sentence without PRS 'only on consent of

the district attorney' (Penal Law § 70.85)" (14 NY3d at 213).

Section 601-d (4) (a) provides that the court "shall appoint

counsel . . . and calendar such [defendant] for a court

appearance," upon a finding that the defendant's sentence did not

include a term of PRS and the judge did not issue a superseding

commitment order.  Thus, an incarcerated defendant who has

pleaded guilty and who has received a sentence without PRS may

_____

a framework for re-sentencing certain offenders in cases in which
PRS was not imposed at the time of sentencing" (Bill Jacket, L
2008, Ch 141 at 5).  That said, nothing herein should be read to
conflict with our prior decision in People v Boyer (22 NY3d 15
[2013]).

have the original sentence reimposed upon consent of the district attorney, pursuant to section 70.85. Otherwise, he or she may be afforded the opportunity to withdraw the guilty plea under certain circumstances.[3] If the defendant does not withdraw the plea, or otherwise is not eligible to do so, the court may, in accordance with the procedures set forth in section 601-d, resentence the defendant with the term of PRS added pursuant to section 70.45. Neither provision articulates an exception to CPL 380.40, which requires defendant's presence at a sentencing proceeding.

The People argue that Mr. Estremera's absence was inconsequential to the outcome of the section 70.85 proceeding. However, defendants have a "fundamental right to be present at sentencing" in the absence of a waiver (People v Rossborough, 27 NY3d 485, 488 [2016]). They have the right to hear the court's pronouncement of sentence and to address the court, even if it is certain that the sentence is a foregone conclusion unaffected by whatever the defendant might do or say. Even when a defendant is, by agreement, to be sentenced to a statutory minimum, the defendant has a fundamental right to be present (see CPL 380.40). In People v Sparber we commented on the importance of sentencing

---

[3] After imposition of sentence, a defendant is afforded the opportunity to withdraw a guilty plea (pursuant to Catu) only on a remittal from a direct appeal (see generally People v Stewart, 16 NY3d 839, 840-841 [2011]).

even where the sentences are pre-ordained: "even in cases with mandatory PRS terms, [where the judge has no discretion in setting the length of the term] the defendant still has a statutory right to hear the court's pronouncement as to what the entire sentence encompasses, directly from the court" and that "CPL 380.20 and 380.40 reflect the view that sentencing is a critical stage of criminal proceedings" (10 NY3d at 470).  We have described as "unyielding" the requirement that "[t]he defendant must be personally present at the time sentence is pronounced" (id. at 469 [internal quotations omitted]).

There is only one enumerated exception to the statute -- where the defendant is convicted of a misdemeanor or petty offense, on motion of the defendant the court may sentence the defendant in absentia (CPL 380.40 [2]).  We have also previously held that a defendant convicted of a felony may waive the right to be present at sentencing, provided that the waiver is knowing, voluntary and intelligent (Rossborough, 27 NY3d at 488-489).  However, absent such a waiver -- or a forfeiture of the right to be present (see id. at 488) -- as then-Justice Fahey correctly noted in his dissent in People v Mills, "[t]here is no statutory basis for [a] [futility] exception" (117 AD3d 1555, 1557 [4th Dept 2014]).

Here, the Appellate Division concluded that there was no reason to remand the case because Mr. Estremera was not adversely affected by his re-imposed sentence, citing People v

Covington (88 AD3d 486, 486 [1st Dept 2011]), and People v Mills
(117 AD3d at 1556).  The majority in Mills cited CPL 470.15 [1]
for the proposition that the Appellate Division cannot consider a
sentence that did not "adversely affect[] the appellant."  CPL
470.15 (1) says, "Upon an appeal to an intermediate appellate
court from a judgment, sentence or order of a criminal court,
such intermediate appellate court may consider and determine any
question of law or issue of fact involving error or defect in the
criminal court proceedings which may have adversely affected the
appellant."  Here, as there was no voluntary waiver, Mr.
Estremera's absence from the sentencing proceeding was in itself,
under our precedents, an error as it constitutes a violation of
his right under CPL 380.40.

Accordingly, the order of the Appellate Division should
be reversed and the case remitted to Supreme Court for further
proceedings in accordance with this opinion.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order reversed and case remitted to Supreme Court, New York
County, for further proceedings in accordance with the opinion
herein.  Opinion by Judge Wilson.  Chief Judge DiFiore and Judges
Rivera, Stein, Fahey, Garcia and Feinman concur.

Decided November 16, 2017