People v Rodriguez (2020 NY Slip Op 04493)





People v Rodriguez


2020 NY Slip Op 04493


Decided on August 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-06595
 (Ind. No. 5267/14)

[*1]The People of the State of New York, respondent,
v
Felix Rodriguez, appellant.


Paul Skip Laisure, New York, NY (Anders Nelson of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jodi L. Mandel, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a resentence of the Supreme Court, Kings County (Evelyn Laporte, J.), imposed April 25, 2018, upon his conviction of course of sexual conduct against a child in the first degree, upon his plea of guilty.
ORDERED that the resentence is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for resentencing in accordance herewith.
This matter must be remitted to the Supreme Court for resentencing. The defendant's fundamental right to be "personally present at the time sentence is pronounced" (CPL 380.40[1]; see People v Rossborough, 27 NY3d 485) extends to resentencing or to the amendment of a sentence (see People v Robinson, 111 AD3d 963, 964; People v Weekes, 28 AD3d 499, 500). While a defendant convicted of a felony may waive the right to be present at resentencing, this waiver must be expressly made (see People v Stewart, 28 NY3d 1091). A "[w]aiver results from a knowing, voluntary and intelligent decision" (People v Rossborough, 27 NY3d at 488 [internal quotation marks omitted]). Here, the defendant was not produced at resentencing and the record is devoid of any indication that he expressly waived his right to be present. Thus, the Supreme Court's failure to have the defendant produced at the resentencing proceeding violated the defendant's fundamental right to be present at the time of sentence. Accordingly, we remit the matter to the Supreme Court, Kings County, for resentencing.
The defendant's contention that the resentence was excessive is academic in light of our determination. We note that the record does not establish that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Bradshaw, 18 NY3d 257).
RIVERA, J.P., AUSTIN, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court