People v Umar (2022 NY Slip Op 01818)





People v Umar


2022 NY Slip Op 01818


Decided on March 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2018-03285
 (Ind. No. 957/16)

[*1]The People of the State of New York, respondent,
v
Gem M. Umar, appellant.


Patricia Pazner, New York, NY (Emily T. Lurie and De Nice Powell of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Ellen C. Abbot, and Jordan I. LoCascio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Stephanie Zaro, J.), rendered February 6, 2018, convicting him of attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the fourth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Joseph A. Zayas, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
ORDERED that the judgment is modified, on the law, by vacating the sentences imposed on the convictions of assault in the first degree and criminal possession of a weapon in the fourth degree; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing on those convictions.
The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials. The record of the suppression hearing establishes that the defendant knowingly, voluntarily, and intelligently waived his Miranda rights (see Miranda v Arizona, 384 US 436, 467-473) prior to any interrogation (see People v Jin Cheng Lin, 26 NY3d 701, 725-726; People v Williams, 62 NY2d 285, 288-289; People v Humphrey, 176 AD3d 1101, 1102). Moreover, a review of the totality of the circumstances demonstrates that the defendant's statements to law enforcement officials were voluntary (see People v Jin Cheng Lin, 26 NY3d at 719-725; People v Smith, 199 AD3d 1023, 1023-1024; People v Sands, 164 AD3d 613, 613-614).
A defendant has a fundamental right to be "personally present at the time sentence is pronounced" (CPL 380.40[1]; see People v Rossborough, 27 NY3d 485, 488). Here, the defendant was not produced at sentencing on the convictions of assault in the first degree and criminal possession of a weapon in the fourth degree, and the record is devoid of any indication that he expressly waived his right to be present (see CPL 380.40[2]; People v Stewart, 28 NY3d 1091, 1092; People v Rodriguez, 186 AD3d 625, 625). Thus, as the People correctly concede, the Supreme Court's failure to have the defendant produced at the sentencing proceeding for the convictions of assault in the first degree (Penal Law § 120.10[1]) and criminal possession of a weapon in the fourth [*2]degree (id. § 265.01[2]) violated the defendant's fundamental right to be present at the time of sentence. Accordingly, we remit the matter to the Supreme Court, Queens County, for resentencing on those convictions.
In light of our determination, we need not reach the defendant's contention that the sentence imposed on the conviction of assault in the first degree was excessive. The sentence imposed on the conviction of attempted murder in the second degree was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court