People v Lawhorn (2022 NY Slip Op 03627)

People v Lawhorn

2022 NY Slip Op 03627

Decided on June 3, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, WINSLOW, AND BANNISTER, JJ.

369 KA 20-00789

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TERRANCE LAWHORN, DEFENDANT-APPELLANT. 

THE SAGE LAW FIRM GROUP PLLC, BUFFALO (KATHRYN FRIEDMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Victoria M. Argento, J.), rendered June 17, 2020. The judgment convicted defendant upon a plea of guilty of robbery in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a plea of guilty of robbery in the second degree (Penal Law § 160.10 [1]), defendant contends that he did not knowingly, voluntarily, and intelligently waive his right to be personally present at his plea and sentencing proceedings. Initially, we agree with defendant that those contentions are properly before us regardless of the validity of his waiver of the right to appeal (see People v Perkins, 162 AD3d 1641, 1642 [4th Dept 2018]; see generally People v Seaberg, 74 NY2d 1, 9 [1989]).
Under the circumstances of this case, we reject defendant's contention that he did not validly waive his right to be personally present at the plea proceeding. Generally, a defendant must be personally present at the plea proceeding and may not appear electronically (see CPL 182.20, 182.30 [1]; 220.50 [1]). At the time of defendant's plea proceeding, however, the Governor, in response to the COVID-19 pandemic, had suspended the applicable prohibition on electronic court appearances for plea proceedings and permitted a defendant to consent to an electronic appearance (see Executive Order [A. Cuomo] No. 202.1 [9 NYCRR 8.202.1]; Executive Order [A. Cuomo] No. 202.28 [9 NYCRR 8.202.28]). The record demonstrates that defendant consented to the use of an electronic appearance for his plea proceeding inasmuch as he was aware of the pandemic and was given an opportunity by the court to adjourn the plea proceeding until an
in-person proceeding could take place, but nonetheless declined that opportunity and expressed his desire to move the case forward during the electronic plea appearance.
We also reject defendant's contention that he did not waive his right to be personally present at the sentencing proceeding. "[D]efendants have a 'fundamental right to be present at sentencing' in the absence of a waiver" of that right (People v Estremera, 30 NY3d 268, 272 [2017]; see People v Rossborough, 27 NY3d 485, 488 [2016]). Here, the record establishes that defendant informed the court that he consented to appear electronically for sentencing and also signed a written waiver of his in-person appearance (see generally Rossborough, 27 NY3d at 488-489).
We have considered defendant's remaining challenge to the validity of his guilty plea, and we conclude that it is without merit.
Entered: June 3, 2022
Ann Dillon Flynn
Clerk of the Court