People v Berry (2022 NY Slip Op 03737)

People v Berry

2022 NY Slip Op 03737

Decided on June 8, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LARA J. GENOVESI, JJ.

2019-12009
2022-04380
 (Ind. No. 1475/18)

[*1]The People of the State of New York, respondent,
v
Terrell Berry, appellant.

Steven A. Feldman, Manhasset, NY, for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Rosalind C. Gray of counsel), for respondent.

DECISION & ORDER
Appeals by the defendant from a judgment of the County Court, Suffolk County (Fernando Camacho, J.), rendered June 25, 2019, convicting him of criminal sale of a firearm in the first degree, criminal possession of a weapon in the first degree, criminal sale of a firearm in the third degree (12 counts), criminal possession of a weapon in the second degree (11 counts), criminal possession of a weapon in the third degree (5 counts), conspiracy in the fourth degree (2 counts), manufacture, transport, disposition, and defacement of weapons and dangerous instruments and appliances (5 counts), conspiracy in the fifth degree, attempted criminal sale of a firearm in the third degree, and criminal possession of a firearm, upon his plea of guilty, and a purported resentence of the same court imposed October 1, 2019. The notice of appeal from the judgment of conviction rendered June 25, 2019, is deemed to also be a premature notice of appeal from the purported resentence imposed October 1, 2019 (see CPL 460.10[6]).
ORDERED that the judgment is affirmed; and it is further,
ORDERED that the purported resentence is reversed, on the law, and the matter is remitted to the County Court, Suffolk County, for resentencing in accordance herewith.
The defendant's valid waiver of the right to appeal does not bar him from raising his contentions concerning the voluntariness of his plea of guilty, since such claims survive his appeal waiver (see People v Seaberg, 74 NY2d 1, 10; People v Broccoli, 152 AD3d 536; People v Solis, 111 AD3d 654, 655; People v Joseph, 103 AD3d 665). However, the defendant's contentions regarding the voluntariness of his plea are unpreserved for appellate review (see CPL 220.60[3]; People v Williams, 27 NY3d 212, 221-222; People v Tyrell, 22 NY3d 359, 363). In any event, these contentions are without merit. The record demonstrates that the defendant's plea was knowing, voluntary, and intelligent (see People v Lopez, 71 NY2d 662, 666; People v Morales, 202 AD3d 997; People v Broccoli, 152 AD3d 536).
However, the matter must be remitted to the County Court, Suffolk County, for resentencing. A defendant has a fundamental right to be "personally present at the time sentence is pronounced" (CPL 380.40[1]; see People v Rossborough, 27 NY3d 485, 488). Here, the defendant [*2]was not produced at his purported resentencing proceeding and the record is devoid of any indication that he expressly waived his right to be present (see CPL 380.40; People v Stewart, 28 NY3d 1091, 1092; People v Rodriguez, 186 AD3d 625, 625). Thus, as the People correctly concede, the County Court's failure to have the defendant produced for resentencing violated the defendant's fundamental right to be present at that time.
CONNOLLY, J.P., MALTESE, WOOTEN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court