People v McCallum (2024 NY Slip Op 00816)

People v McCallum

2024 NY Slip Op 00816

Decided on February 15, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 15, 2024

Before: Moulton, J.P., Friedman, Gesmer, Mendez, Rodriguez, JJ. 

Ind No. 731/21 Appeal No. 1665 Case No. 2021-03089 

[*1]The People of the State of New York, Respondent,
v
Shannon McCallum, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Ashley A. Baxter of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Jamie Masten of counsel), for respondent.

Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered August 11, 2021, as amended September 7, 2021 and October 6, 2021, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree and assault in the second degree, and sentencing him to concurrent terms of 5 years, with 3 years' postrelease supervision on the weapon possession count and 5 years, with 3 years' postrelease supervision on the assault count, unanimously modified, on the law, to the extent of vacating the sentences and remanding for resentencing, and otherwise affirmed.
As the People concede, defendant's constitutional and statutory rights to be present at sentencing were violated when the court resentenced defendant in his absence to correct a mistake in the term of postrelease supervision imposed (see CPL 380.40[1]; People v Harris , 79 NY2d 909, 910 [1992]). Accordingly, the sentence is vacated and the matter is remanded for resentencing with defendant present. On remand, the court shall also address the discrepancy between the five-year term of postrelease supervision imposed on the weapon possession count at the original sentencing and the three-year term of postrelease supervision count reflected in the amended sentence and commitment sheet dated October 6, 2021 (see People v Jenkins , 300 AD2d 751, 753-754 [3d Dept 2002], lv denied 99 NY2d 615 [2003]). The remand of the matter for resentencing obviates the need for us to reach the issue of whether the sentence imposed was excessive (see People v Lee , 84 AD2d 699, 699 [1st Dept. 1981]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 15, 2024