■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODERICK JOHNSON, Appellant. [796 NYS2d 807]—

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered March 25, 2002. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Monroe County Court for resentencing in accordance with the following memorandum: Defendant was convicted, following his plea of guilty, of attempted criminal possession of a weapon in the third degree (Penal Law §§ 110.00, 265.02 [4]). On appeal, he contends that County Court erred in denying his motion to suppress evidence because the police did not have probable cause to arrest him. We reject that contention. The police were acting on information that was based on the personal observations of a citizen informant (*see People v Hetrick*, 80 NY2d 344, 348-349 [1992]; *People v Walker*, 278 AD2d 852 [2000], *lv denied* 96 NY2d 869 [2001]). That information provided the police with probable cause to believe that there were weapons in the vehicle in which defendant was sitting (*see People v Williams*, 301 AD2d 543 [2003], *lv denied* 100 NY2d 589 [2003]). Defendant's sudden flight from the vehicle furnished a reasonable suspicion that defendant had committed a crime justifying the police pursuit and detention (*see People v Sierra*, 83 NY2d 928, 930 [1994]; *People v Balkman*, 277 AD2d 973 [2000], *lv denied* 96 NY2d 780 [2001]). We further reject the contention of defendant that his sentence is unduly harsh or severe.

Defendant further contends that the court erred in issuing an amended sentence and commitment to remedy an error in the term of postrelease supervision. The People concede that the court erred in failing to secure defendant's presence for resentencing. We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court for resentencing, at which time defendant must be afforded the opportunity to appear with counsel (*see People v Dennis* [appeal No. 2], 6 AD3d 1211, 1212 [2004]; *see also* CPL 380.40 [1]). Present—Martoche, J.P., Smith, Lawton and Hayes, JJ.