# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**528**

**OP 16-01908**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND SCUDDER, JJ.

---

IN THE MATTER OF STEVEN R. BRANDON, PETITIONER,

                V                        MEMORANDUM AND ORDER

HON. CRAIG J. DORAN, RESPONDENT.

---

LAW OFFICE OF JAMES L. RIOTTO, II, ROCHESTER (LINDSEY M. PIEPER OF COUNSEL), FOR PETITIONER.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (JASON A. MACBRIDE OF COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department pursuant to CPLR 506 [b] [1]) to review a determination of respondent. The determination sentenced petitioner to 30 days' incarceration and 5 years' probation.

It is hereby ORDERED that said petition is unanimously granted without costs and judgment is granted in favor of petitioner as follows:

It is ADJUDGED that Ontario County Court is prohibited from adding a period of probation to petitioner's sentence of incarceration.

Memorandum: On June 1, 2016, petitioner was sentenced in Ontario County Court to a definite term of incarceration of 30 days, along with fines, surcharges and the suspension of his driver's license. Respondent, the sentencing judge (Judge), did not impose a period of probation. Nevertheless, on that same date, but outside of defendant's presence, the Judge signed an order directing that petitioner serve a five-year period of probation. On June 16, 2016, while incarcerated, petitioner was presented with the order, which he signed, indicating that he "agree[d] to comply" with its terms. Petitioner was released from incarceration on June 30, 2016 and, after his time to file a direct appeal had expired, he was directed to report to the probation department to begin his probation supervision. Petitioner then commenced this proceeding seeking an order prohibiting the Judge from adding a period of probation to the sentence. We agree with petitioner that the Judge exceeded his authority in modifying the terms of petitioner's sentence outside of petitioner's presence, and we therefore grant the petition.

While a court possesses the inherent authority to correct a mistake or error in a criminal defendant's sentence (*see People v Gammon*, 19 NY3d 893, 895; *People v Lingle*, 16 NY3d 621, 629; *cf. People v Richardson*, 100 NY2d 847, 849), the process by which a court corrects such an error is by *resentencing* the defendant (*see People v Sparber*, 10 NY3d 457, 469), which must be done in the defendant's presence (*see* CPL 380.40 [1]).  We thus conclude that the Judge erred in imposing an additional component to the sentence outside of petitioner's presence (*see People v Johnson*, 19 AD3d 1163, 1164, *lv denied* 5 NY3d 829).

We further conclude that petitioner cannot now be resentenced.  It is well settled that, "where 'a defendant is released from custody and returns to the community after serving the period of incarceration that was ordered by the sentencing court, and the time to appeal the sentence has expired or the appeal has been finally determined,' a legitimate expectation of the original sentence's finality arises and double jeopardy precludes the modification of that sentence to include a period of" probation (*People v Cass*, 91 AD3d 978, 978, quoting *People v Williams*, 14 NY3d 198, 219, *cert denied* 562 US 947; *cf. Lingle*, 16 NY3d at 630-631).  Here, as in *Williams*, petitioner has completed serving the period of incarceration and has been released from custody.  Petitioner did not file a notice of appeal, and the time within which to do so has expired (*see* CPL 460.10 [1] [a]).  Although petitioner, as of this writing, could still move for an extension of time to take an appeal (*see* CPL 460.30 [1]), he cannot be forced to do so.  We thus conclude that petitioner's sentence is "beyond the court's authority," and an additional component to that sentence cannot be imposed (*Williams*, 14 NY3d at 217).

Entered:  April 28, 2017                    Frances E. Cafarell
                                            Clerk of the Court