People v Perkins (2018 NY Slip Op 04472)





People v Perkins


2018 NY Slip Op 04472


Decided on June 15, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, DEJOSEPH, AND TROUTMAN, JJ.


686 KA 16-01320

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RYAN PERKINS, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (DEBORAH K. JESSEY OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (John L. Michalski, A.J.), entered June 24, 2016. The judgment convicted defendant, upon his plea of guilty, of driving while intoxicated, a class D felony, and aggravated unlicensed operation of a motor vehicle in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence of conditional discharge imposed on count one and the term of incarceration imposed on count two and as modified the judgment is affirmed, and the matter is remitted to Supreme Court, Erie County, for resentencing on those parts of the sentences on those counts.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of driving while intoxicated (DWI) as a class D felony (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [ii]), and aggravated unlicensed operation of a motor vehicle in the second degree (§ 511 [2] [a] [ii]), defendant contends that his waiver of the right to appeal is invalid, and he challenges that part of the sentence imposed in his absence, the legality of the term of conditional discharge, and the severity of the sentence.
Addressing first defendant's contention that Supreme Court erred in changing the term of incarceration imposed on the aggravated unlicensed operation of a motor vehicle count after he had left the courtroom, we note that such contention is properly before us regardless of the validity of defendant's waiver of the right to appeal. "[D]efendants have a fundamental right to be present at sentencing' in the absence of a waiver" of that right (People v Estremera, 30 NY3d 268, 272 [2017], quoting People v Rossborough, 27 NY3d 485, 488 [2016]), and here defendant did not waive his right to be present at sentencing. Thus, as the People correctly concede, the court erred in changing the sentence of incarceration after defendant left the courtroom inasmuch as a resentencing to correct an error in a sentence "must be done in the defendant's presence" (Matter of Brandon v Doran, 149 AD3d 1583, 1583 [4th Dept 2017]; see People v Johnson, 19 AD3d 1163, 1164 [4th Dept 2005], lv denied 5 NY3d 829 [2005]). We therefore modify the judgment by vacating the term of incarceration imposed on count two, and we remit the matter to Supreme Court for resentencing on that count, at which time defendant must be permitted to appear.
We likewise review defendant's challenge to the legality of the conditional discharge imposed regardless of the validity of his waiver of the right to appeal. It is well settled that "several categories of appellate claims . . . may not be waived . . . These include . . . challenges to the legality of court-imposed sentences" (People v Callahan, 80 NY2d 273, 280 [1992]). As the People further correctly concede, the court erred in imposing a five-year conditional discharge to monitor the ignition interlock device because the maximum term of a conditional discharge for a felony is three years (see Penal Law
§ 65.05 [3] [a]; People v Marvin, 108 AD3d 1109, 1109 [4th Dept 2013]). We therefore further modify the judgment by vacating the conditional discharge imposed on count one, and we direct that defendant, upon remittal, be resentenced on that part of the sentence on that count as well.
Finally, even assuming, arguendo, that defendant's waiver of the right to appeal was not valid (cf. People v Sanders, 25 NY3d 337, 338-342 [2015]; People v Nicholson, 6 NY3d 248, 254-257 [2006]), we reject defendant's challenge to the severity of the sentence.
Entered: June 15, 2018
Mark W. Bennett
Clerk of the Court