People v Reeder (2025 NY Slip Op 04428)

People v Reeder

2025 NY Slip Op 04428

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., MONTOUR, OGDEN, DELCONTE, AND KEANE, JJ.

590 KA 24-00683

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TYRELL A. REEDER, DEFENDANT-APPELLANT. 

DAVID P. ELKOVITCH, AUBURN, FOR DEFENDANT-APPELLANT.
BRITTANY GROME ANTONACCI, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Cayuga County Court (Jon E. Budelmann, A.J.), rendered December 14, 2023. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Cayuga County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of attempted criminal possession of a controlled substance in the third degree (Penal Law §§ 110.00, 220.16 [1]). Defendant contends, inter alia, that his sentence is illegal because it includes a period of postrelease supervision of 3½ years when the maximum legal period is 3 years.
Although defendant is correct that the maximum legal period of postrelease supervision that may be imposed for a class C felony drug offense committed by a second felony drug offender is 3 years (see Penal Law §§ 70.45 [2] [d]; 70.70 [3] [b] [ii]), the People assert that defendant's contention is moot inasmuch as he was resentenced to a three-year period of postrelease supervision shortly after County Court received a letter from the New York State Department of Corrections and Community Supervision (DOCCS) alerting the court to the illegal sentence pursuant to Correction Law § 601-a. A copy of DOCCS's letter is included in the record, along with an amended uniform sentence and commitment form reflecting that the period of postrelease supervision had subsequently been changed to three years.
Correction Law § 601-a imposes on DOCCS a "duty . . . to communicate with the sentencing court" when it appears that a defendant "has been erroneously sentenced." If the court "believes that the [defendant] has been so erroneously sentenced, the sentencing court . . . shall notify [DOCCS] and arrange for the [defendant] to be heard and properly resentenced" (id.). It is well established that "resentencing to correct an error in a sentence must be done in the defendant's presence" (People v Perkins, 162 AD3d 1641, 1642 [4th Dept 2018] [internal quotation marks omitted]; see CPL 380.40 [1]; see generally People v Estremera, 30 NY3d 268, 272-273 [2017]), unless the court "secur[es] defendant's waiver of the right to be present at such a proceeding" (People v Abergut, 202 AD3d 1497, 1499 [4th Dept 2022], lv denied 38 NY3d 1068 [2022]; see generally Estremera, 30 NY3d at 272-273).
Here, the inclusion in the record of an amended uniform sentence and commitment form does not establish that defendant was properly resentenced inasmuch as it does not establish that the court resentenced defendant while he was present or that the court resentenced defendant only after he waived the right to be present (see generally People v Johnson, 19 AD3d 1163, 1164 [4th Dept 2005], lv denied 5 NY3d 829 [2005]). Thus, the record before us is insufficient to determine whether defendant was properly resentenced.
If defendant was properly resentenced, his appeal insofar as it challenges the original [*2]sentence would be dismissed (see People v Saeli [appeal No. 1], 219 AD3d 1122, 1123 [4th Dept 2023]; see also People Bell, 229 AD3d 1178, 1180 [4th Dept 2024], lv denied 42 NY3d 1018 [2024]; People v Linder, 170 AD3d 1555, 1560 [4th Dept 2019], lv denied 33 NY3d 1071 [2019]). Therefore, we hold the case, reserve decision, and remit the matter to County Court for clarification of whether defendant was properly resentenced to a three-year term of postrelease supervision.
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court